ELIZABETH M. STILES, Trustee, and GEORGE STILES, an  Infant,  by  his  next  friend,  ELIZABETH  M. STILES  *vs.*  JAMES  H.  WILLIS,  Administrator  of EDWARD  T.  HARRISON,  and  JANE  S.  HARRISON.

*Application to Reform a  Mortgage—Character of  Proof required  to  Authorize  the  Court  to  grant  Relief.*

Where application is made to a Court of equity to have a mortgage deed reformed, by having a personal covenant inserted therein, as to one of the parties, alleged to have been omitted by mistake of the draftsman,  the  proof must be of such character as to  leave no doubt whatever in the mind of the Court that mistake has intervened, and the instrument is variant from the actual contract of the parties; and it is not enough to show the intention of one of the parties to the instrument only; but the proof must establish incontrovertibly that the error or mistake alleged was common to both parties.   In other words, it must be conclusively established, that both parties understood the contract as it is alleged it ought to have been expressed, and as in fact it was, but for the mistake alleged in reducing it to writing.

Stiles, &c. *vs.* Willis, Adm'r, *et al.*

The Court will never, by assuming to rectify an instrument, add to it a term or provision which had never been agreed upon, though it may afterward appear very expedient or proper that it should have been incorporated.

In deciding upon an application to reform a written instrument, great weight must be given to what is reasonably and properly sworn to on the part of the defendant; because it must be a very strong case that would, even in a recent transaction, operate to overturn or vary a solemn instrument, but after the lapse of a long time, it must be a case that leaves no sort of reasonable doubt in the mind of the Court; and more especially is this so in cases where considerable time has elapsed, and the parties to the original transaction have died before application is made for relief.

APPEAL from the Circuit Court for Talbot County, in Equity.

This appeal was taken from a decree of the Circuit Court dismissing the bill of complaint. The case is stated in the opinion of this Court.

The cause was argued by agreement of counsel before ALVEY, C. J., STONE and MILLER, J., and the decision was participated in by YELLOTT and IRVING, J.

*Thomas Hughes,* for the appellants.

*Charles S. Carrington,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The bill in this case was filed to have a mortgage deed reformed, by having a personal covenant inserted therein, as to one of the parties, alleged to have been omitted by mistake of the draftsman.

The mortgage was made on the 12th of March, 1875, by Edward S. Harrison and Jane S. Harrison, his wife, and others, to William Lee Stiles, trustee of George Stiles, to secure the sum of $3,300, payable on or before the first

day of June, 1879. In the mortgage it is recited, that "whereas, the said Emory Forman Stiles, Hester Tabb Stiles, Sophia J. Clark and Jane S. Harrison, are each indebted unto the said William Lee Stiles for various sums of money loaned by him to them at different times, amounting in the aggregate to $3,300; and whereas, they are anxious to secure to him the prompt payment of their said several indebtedness on or before the first day of June, 1879," etc. It is shown by the proof, indeed admitted by the answer, that the proportion of the mortgage debt due from Mrs. Harrison was the sum of $2,000. The mortgaged property belonged to Mrs. Harrison and others, but in which Edward S. Harrison had no other interest than that of husband of Mrs. Jane S. Harrison. It was necessary to the validity of the mortgage, so far as Mrs. Harrison was concerned, that her husband should join with her in the execution of it; but it was not essential that he should covenant personally for the payment of the mortgage debt, unless it was so expressly agreed with the mortgagee. The covenant in the mortgage is, that "the said Emory Forman Stiles, Hester Tabb Stiles, Sophia J. Clark and Jane S. Harrison, hereby covenant that they will each pay their respective portions of the said indebtedness unto the said William Lee Stiles, trustee aforesaid;" the name of Edward S. Harrison being omitted from the covenant; and the question is, whether that omission was by mistake, or whether it was because Mr. Harrison did not think proper to join in the covenant. The prayer of the bill is, that the mortgage may be reformed, "so that it shall appear that the said Edward S. Harrison entered into the covenant to pay the money loaned to him, for the repayment whereof he was liable;" and not simply that his name may be inserted in the covenant to give it effect as against his wife.

Both William Lee Stiles and Edward S. Harrison are dead; the former having died in 1878, and the latter sub-

sequently, but some time before the bill in this case was
filed.

The bill was not filed until the 26th of January, 1886,
nearly eleven years after the making of the mortgage; but
it is alleged that the omission in the covenant was not dis-
covered by Elizabeth M. Stiles, the trustee appointed in
the place of William L. Stiles, deceased, and by whom the
bill has been filed, until within a few days before filing
the bill for the correction of the alleged mistake.   In con-
tradiction of the mortgage, it is alleged that the $2,000
portion of the mortgage debt, was in fact loaned to Ed-
ward S. Harrison, and not to his wife; and that it was in-
tended that he should have joined in the covenant for the
payment of the money; but that the omission of his name
from the covenant was the mistake of the draftsman who
prepared the mortgage.   These allegations of the bill are
flatly denied by the answer of the defendants; and the
burden of proof, of course, is upon the complainant.

The principle upon which Courts of equity interpose to
afford relief in this class of cases, is one of great strictness,
and is never applied except where the case is made out to
the entire and complete satisfaction of the Court.   Where
the proof is of such character as to leave no doubt what-
ever in the mind of the Court, that mistake has intervened,
and the instrument sought to be rectified is variant from
the actual contract of the parties, there can be no doubt,
at this day, of the competency of a Court of equity so to
amend the instrument as to make it conform to the real
intention of the parties.   But in such cases it is not enough
to show the intention of one of the parties to the instru-
ment only; the proof must establish, incontrovertibly, that
the error or mistake alleged was common to both parties.
In other words, it must be conclusively established, that
both parties understood the contract as it is alleged it
ought to have been expressed, and as in fact it was, but
for the mistake alleged in reducing it to writing.   The

Court will never, by assuming to rectify an instrument, add to it a term or provision which had not been agreed upon, though it may afterwards appear very expedient or proper that it should have been incorporated. And, as said by Lord Chancellor ELDON, in *Beaumont vs. Bramley*, 1 *Turn. & Russ.*, 41, in deciding cases of this nature, great weight must be given to what is reasonably and properly sworn to on the part of the defendant; because it must be a very strong case that would, even in a recent transaction, operate to overturn or vary a solemn instrument, but after the lapse of a long time, it must be a case that leaves no sort of reasonable doubt in the mind of the Court; and more especially is this so, in cases where considerable time has elapsed, and the parties to the original transaction have died, before application is made for relief. See *Watkins vs. Stockett*, 6 *H. & J.*, 445; *Showman vs. Miller*, 6 *Md.*, 485; *Gillespie vs. Moon*, 2 *John. Ch.*, 585.

Now, the two witnesses, whose testimony is of greatest importance in determining the question involved, are I. Parker Veasey, the draftsman of the mortgage, sworn on the part of complainant, and Mrs. Jane S. Harrison, one of the parties to the mortgage, and widow of Edward S. Harrison, deceased, sworn on behalf of the defendants. The mortgage, according to the testimony of Mr. Veasey, was prepared by him at the instance and upon the instruction of William Lee Stiles alone; for he says he never saw and did not know either Mrs. Harrison or her husband. He says that Mr. Stiles told him that he, Stiles, had loaned money to Mr. Harrison, and that the wife's interest in the family property was to be mortgaged as security for its payment; but he does not say that he was instructed to join Mr. Harrison in the covenant to pay the mortgage debt; and only concludes that such ought to have been the case from the fact that the money was, as he understood the transaction, loaned to Mr. Harrison. He says, "I cannot say that I had any instruction other than those

I have already stated ; the form of the instrument having been of course left to me ; but I could not have misunderstood the nature of the transaction, as we talked it over very fully, and I knew perfectly well what I was employed to accomplish." With that knowledge in his mind at the time, we have seen what he did accomplish, by the mortgage as it appears in the record. The truth is, as he himself states, Mr. Veasey had no personal knowlege whatever of the purpose and intention of the parties to the transaction, except what he gathered from, and could recollect of, a very desultory conversation had with Mr. Stiles, before the mortgage was prepared ; and he knows nothing of what transpired at its execution. But in regard to the testimony of Mrs. Harrison, she is very explicit in stating that the money was loaned by her brother to her, upon her own application, and not to her husband ; and that she loaned the money, thus obtained, to her husband, and took from him a mortgage and single bill for the repayment thereof; and in that way he became liable for the money, but not as charged by the complainants. This statement of hers is fully verified by the exhibition of the mortgage and single bill in proof. She also states that it was not intended at the time of making the mortgage to Stiles, so far as she was concerned, and understood the transaction, that her husband should incur personal responsibility to Wm. Lee Stiles for that mortgage debt; that the only means of payment was her interest in her mother's estate ; though she says she cannot speak as to what was the intention of her husband upon the subject. The other evidence in the case has no direct bearing upon the question of mistake in omitting the name of Edward S. Harrison from the covenant in the mortgage ; and as the complainants have failed to make out such a state of case as would justify a Court of equity in amending the covenant, so as to make it embrace the name, the Court below

was clearly right in dismissing the bill, and this Court, therefore, must affirm the decree.

*Decree affirmed.*

(Decided 4th February, 1887.)