## CIRCUIT COURT OF BALTIMORE CITY.

Decided December 23, 1897.

### GEORGE BROWN
VS.
### MERCANTILE TRUST & DEPOSIT CO., TRUSTEE, ET AL.

*Wm. Pinkney Whyte* for plaintiff.
*Arthur George Brown, Frank Gosnell* and *Joseph Whyte* for defendants.

DENNIS, J.—

The plaintiff, a gentleman of large wealth, but wholly without business

training, delivered, in June, 1894, a large amount of securities then valued at $140,000 to the defendant company, to be held by it in trust, the income to be paid to him for life, and after his death then in certain proportions to his widow and children, with certain other provisions unnecessary to recite, as it is conceded that those provisions of the trust, except in the particular hereinafter referred to, are proper and free from objection.

The uncontradicted evidence shows that the plaintiff had no knowledge of business whatever; that he was worried at the large amount of money he was spending, having in one year expended $30,000 for the improvement of "Brooklandwood," one of his estates; and mentioning these facts to the president of the defendant corporation, the latter suggested that he should put a portion of his property in trust for the benefit of his wife and children. The plaintiff assented to this suggestion but declined to sign the paper presented to him, and which was in the usual form used by the Company in such cases, until he could consult his counsel and his wife. A few days afterwards, he returned with certain suggested alterations; what they were does not clearly appear; but whatever they were, changes were accordingly made, and the paper was signed by him and by the president of the Company. This paper was a declaration of trust, on the lines already indicated, no other paper being necessary, as the title to the securities passed to the trustee by delivery.

There is no charge in the bill of any fraud or imposition practiced upon the grantor, or that he was *inops concilii;* but the transaction is sought to be avoided, and the declaration of trust held to be invalid, three years after the execution, upon the grounds:

1st. Because of mistake, in that the grantor thought, when he signed the declaration of trust, he had the right at any time to revoke it.

2nd. Because there was no express power of revocation reserved to him: and—

3rd. Because such a paper is, at the most, but a testamentary disposition of property, which he is at liberty to revoke at any time during his life.

As to the first, it is not necessary to consider the value of the evidence upon this point, in view of the well settled rule of law laid down by our Court of Appeals, that, in order to correct or set aside an instrument on that ground, the mistake must be *mutual*, and that the evidence should be *clear* and *convincing*. In Stiles vs. Williams, 66 Md. 552, which was an effort to reform a paper by reason of an alleged mistake, the Court held "that the proof must be of such a character as to leave no doubt whatever upon the mind of the Court that mistake has intervened, and that the instrument is *variant from the actual contract of the parties;* and that it is *not enough to show the intention of one of the parties to the instrument only;* but that the *proof must establish incontrovertibly* that the error or mistake *alleged was common to both parties.* See also Godwin vs. White, 59 Md. 507, a proceeding to vacate a voluntary deed of trust, when the same rule was applied. In this case the evidence of mistake on the part of the plaintiff is certainly vague and unsatisfactory, and there is no evidence whatever that it was shared by the defendant; on the contrary, the defendant wholly repudiates any such idea.

As to the 2nd point:

Without attempting to review the numerous cases cited, I think the result of the authorities is that in no case does the mere absence of a power of revocation furnish ground for the avoidance of a voluntary deed; that it is a *circumstance* to be considered in connection with all the other circumstances of the case, in determining the validity of the instrument; and in no case that has been cited has it even been held that the mere absence of the power of revocation was sufficient ground to avoid a deed, especially when the effect would be to defeat the very object contemplated by the grantor when he executed the instrument. Here the grantor created the trust confessedly for the sole purpose of providing against his own improvidence, and with the expressed intention of securing a portion of his estate for the benefit of his wife and children; no power of revocation was expressly retained; and if it is to be presumed as matter of law that such a power is nevertheless to be implied from the nature of the instrument itself, then the act of settle-

ment was wholly futile—a mere idle ceremony, to be respected or set aside as the grantor might at any time determine for himself alone; either for mere whim or good reason, because *his* wish is the sole test, and no one has a right to go beyond it, and question the character or validity of his motives.

If such a contention is allowed, then in no case can a man make a voluntary settlement for the benefit of his family, in which he retains a life interest for himself, upon which any substantial reliance can be placed, or which would be of any practical importance, unless, in the settlement, the power of revocation is expressly denied him.

No authority has been cited which sustains this proposition; and had such authority existed, I feel sure it would not have escaped the thorough and laborious research of the eminent counsel for the plaintiff. My own conclusion from the cases, is that, in the absence of fraud or other conditions not appearing in this case, the mere absence of a power of revocation in a voluntary settlement, where the existence of such power would be inconsistent with and tend to defeat the objects of the settlement, is not ground for avoiding the settlement, at the instance of the grantor.

As to the third point, that this declaration of trust was a mere testamentary paper, and, therefore, revocable at any time by the grantor:

In this case there was a complete transfer of *title* to the trustee, by the delivery to it of the stocks and bonds, and the transaction was completed by its declaration of trust; all dominion and control over the property or interest therein, excepting the equitable life estate reserved to himself, was absolutely surrendered. The trustee was not only invested with title, and control, but was, also, by virtue of one of the provisions of the declaration of trust, entitled to *certain commissions* upon receipts, disbursements, etc.

These facts seem to me to wholly destroy the theory that the paper was only intended to be of a testamentary character. The grantor *parts with the title*, and, while he reserves for himself the benefit of the income of the estate for life, and the provision for his wife and children is only to take effect after his death, he yet gives certain rights to the trustee, which the latter is entitled to insist upon; and this is wholly inconsistent with the theory that the paper is revocable at any moment by the grantor, as being merely a paper in the nature of a will.

Some of the earlier cases in Pennsylvania, appear to support the theory of the plaintiff, but they seem to be peculiar to that State and not to have met with wider acceptance; and their own later cases would appear clearly to uphold a voluntary settlement, under the circumstances of the one before us, as good against the grantor's efforts to revoke.

Stockett vs. Ryan, 176 Pa. St. 71, 142 Pa. St. 149.

Many settlements, similar in character—so far as the present point is concerned—have been before our Court of Appeals; notably the Whitridge case, Latrobe vs. Carter, 83 Md. 279; Goodwin vs. White, 59 Md. 505; and in none was it ever held that a settlement of the character in question was only a testamentary disposition, which could be revoked at any time at the will of the grantor. And where a *present interest passes*, as in this case to the trustee at least, and the grantor wholly deprives himself of *title* and consequent control over the property, in the absence of a decision by our own Court of Appeals who have had so many similar cases before them, I am unwilling to hold that all such settlements are revocable as mere testamentary papers, at the caprice of the settler. I think the law is well stated by the chancellor in Viller vs. Beaumont, 1 Vern. 100, namely: "If a man will improvidently bind himself by a voluntary deed, and not reserve liberty to himself by a *power* of *revocation*, this Court will not loose the fetters he has put upon himself, but he must lie down under his own folly; for if you relieve in such a case, you must consequently establish the proposition, viz: 'that a man can make no voluntary disposition of his estate but by his will only,' which is absurd."

The case of M. & C. C. vs. Williams, 6 Md. 263, etc., seems to be an express authority, that such a deed is not testamentary in its character.

I will sign a decree dismissing the bill.