JOSEPH F. CERNY *v.* JENNIE CERNY

[No. 16, January Term, 1943.]

*Decided April 7, 1943.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, MARBURY, GRASON, and MELVIN, JJ.

*Alfred F. Walker for the appellant.*

*Eldridge Hood Young,* with whom was *Gerald Kerr* on the brief, for the appellee.

SLOAN, C. J., delivered the opinion of the Court.

The appellant (defendant), Joseph F. Cerny, and the appellee (plaintiff), Jennie Cerny, were married June 27, 1935. She was his second wife; he, her second husband. They were divorced October 23, 1940.

The defendant was divorced from his first wife, Tiny Cerny, the time not appearing in the record, but before the divorce they acquired, as tenants by the entireties on May 18, 1905, a leasehold property then known as 2207 East Eager Street, subject to a ground rent of $26 per annum. By deed of February 14, 1914, they acquired the fee in the property, whereby the leasehold became merged in the fee. After the divorce, by which they became tenants in common, the undivided half interest of Tiny Cerny was conveyed to her former husband, Joseph Cerny, by deed of May 4, 1932, so that he then became the absolute owner of the property in fee.

It was not long after their marriage that the plaintiff suggested to the defendant that he put his property in both names, arguing that a man and his wife ought to so hold their property. All she had was some stock in a business incorporated and conducted by her son, which paid one dividend and then evaporated, and an interest in some property with sisters, which they sold.

Their four years of married life do not appear to have been happy; just a succession of quarrels and arguments, according to her story which climaxed in the execution of the deed to both. "Mr. Cerny told me to get out and get a place of my own. I left; and when I went back to get my clothes, he said, 'You are not leaving here; you are staying,' and we decided to try it once more. He

said, 'To show you I mean business and will treat you right in the future, the up and up, I am going to put your name on the two pieces of property I have . (one of them in Anne Arundel County, which does not figure in this case) to convince you, and we will start all over'." After that, the plaintiff went to the office of the defendant and got what she thought was the deed, to which she helped herself, and gave it to a lawyer, John E. Buccino, who came to her home, and said she wanted the property put in the names of herself and husband. What she gave him was not the deed for the fee, but the lease or the assignment of it. He was not asked to search the title, but merely to prepare a deed to plaintiff and defendant. There is no evidence that he knew anything about the conveyance of the fee. He said, "When I obtained the deed from Mrs. Cerny, Mr. Cerny came in the back room. He conducted a saloon at that time, and I explained to Mr. Cerny what Mrs. Cerny intended to do, what she asked me to do, and he said, 'It is perfectly all right; we have an understanding. Anything I own I want my wife to get in the event of my death'."

Mr. Buccino had Mr. Cerny execute and acknowledge an assignment of the leasehold, which had been merged in the fee for twenty-three years, to his sister, Lena A. Buccino, who in turn, the same day, re-assigned to Joseph F. Cerny and Jennie Cerny, his wife, the assignments, both saying it was "subject to the payment of the annual rent of Twenty-six Dollars, payable half yearly on the first days of January and July in each and every year," though in fact the rent had been cancelled by the conveyance of the fee in 1912. The assignments were dated July 27, 1935, and then on October 23, 1940, they were divorced; the separation on which the decree was founded occurring March 22, 1937, seventeen months after the assignment of the leasehold. Although it appeared from the assignments of the leasehold that the property was subject to a ground rent of $26 a year, no demand had ever been made on the divorced wife for half of it by

the owner of the fee, the defendant. The probabilities are that neither of them knew the recorded state of the title.

On May 9, 1941, the plaintiff filed her bill of complaint praying a decree for the sale of real estate, an accounting, and the appointment of a receiver. The defendant answered and demurred. The demurrer was overruled; evidence taken; and a receiver appointed. The plaintiff on January 2, 1942, filed an amended bill of complaint, and on April 2, 1942, another, and on June 8, 1942, a demurrer to the second amended bill of complaint was overruled, and a decree for sale of the fee simple title was passed, from which this appeal is taken.

The plaintiff in her second amended bill, which is the only one in the record, prayed that the deeds from Joseph Cerny to Lena A. Buccino, and from her to plaintiff and defendant, be construed to vest in them a fee simple title and the deeds be so reformed; for a decree for sale of the real estate, and for discovery and an accounting of rents and profits from the date of the deeds. The decree passed on June 8, 1942, declared for the reformation of the deed so that the word "heirs" be substituted for "personal representatives," and the provision for the payment of the ground rent be stricken out and for the appointment of a trustee to sell in the usual form.

The contention of the plaintiff is that the assignment of lease was a mutual mistake, and did not express the intention of either of the parties; that what they intended was a conveyance of the property on Eager Street in fee.

The reformation of contracts is one of the chief heads of equity jurisdiction, though it must be carefully exercised. *Wood v. Patterson*, 4 Md. Ch. 335, note Perkin's Ed.; 5 *Pomeroy's Eq. Jur.*, 2d Ed., Sec. 2096; *Miller's Eq. Proc.*, 775. The bill of complaint must allege that a mistake was made and that it was mutual, but must state what the agreement was, and what the instrument sought to be reformed was intended to be, and the evidence must be so clear and convincing as to leave no doubt in the mind of the court as to what the instrument ought

to be, so as to conform to the intention of both parties. *Second National Bank v. Wrightson,* 63 Md. 81; *Keedy v. Nally,* 63 Md. 311; *Stiles v. Willis,* 66 Md. 552, 8 A. 353; *Atlantic Coal Co. v. Maryland Coal Co.,* 62 Md. 135; *Boulden v. Wood,* 96 Md. 332, 53 A. 911; *Brockmeyer v. Norris,* 177 Md. 466, 10 A. 2d 326. Many more could be cited to the same effect.

Our conclusion on the facts in evidence, and, as stated herein, is that both parties were mistaken as to the nature of the estate the deed in evidence conveyed. There can be no doubt that it was the intention of the defendant to create a tenancy by the entireties out of the property, and not a leasehold, which he then held, and that is what he thought he was doing when he executed the deed, which was only an assignment of a lease to Lucy Buscino, and from her to them, that both were mistaken as to the nature of the title they took from her, and the decree appealed from should be affirmed.

*Decree affirmed, with costs.*