Farmville Ins. and Bank. Co. *vs.* Butler, use of Hoffman.

from public policy as well as upon the rules of probability."
45 *Md.*, 244.

The same considerations of policy and probability compel us in this case, to give credit to the justice who attested and certified the acknowledgment of the mortgage, rather, than to those who would repudiate their own acts.

Finding no error in the decree appealed from, the same will be affirmed with costs to the appellee.

*Decree affirmed.*

(Decided 14th January, 188⅂.)

---

FARMVILLE INSURANCE AND BANKING COMPANY OF
FARMVILLE, VIRGINIA, *vs.* KENNEDY H. BUTLER,
use of GEORGE A. HOFFMAN.

*Bill to Reform a Policy of Fire Insurance.*

The appellant by its agent S. underwrote for B. a policy insuring against fire certain buildings and property in Cumberland, to the amount of $2500. The property being destroyed by fire the appellant refused to pay the insurance, alleging non-compliance by the assured with the following condition of the policy : " If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of the policy, otherwise the policy shall be void." The following condition was also in the policy : " If the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, be not truly stated in the policy, then and in every such case the policy shall be void." The property was insured as K's property ; but before the time the the policy was written, B. having borrowed $6000 from H., had,

instead of a mortgage, created a ground rent in his favor of $420 *per annum*, redeemable on payment of the sum advanced, being in effect a lease for ninety-nine years.   This fact was not written on the policy.   B. sued at law ; and the Court having decided, that he could not maintain his action on the policy unless H's interest was described in it, he dismissed his suit at law and filed a bill in equity to reform the policy, on the ground that the statement of the existence of an incumbrance on the property and the real interest of the parties intended to be insured was omitted by the inadvertence and mistake of S. agent of the appellant, and of J., B's agent, to whom, the bill alleged, the nature of H's interest was known. In their testimony S. and J. both denied all knowledge of H's interest.   HELD :

That the relief prayed could not be granted.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY, ROBINSON and IRVING, J.

*Richard M. Venable,* for the appellant.

*John K. Cowen* and *E. J. D. Cross,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

The appellees, who were the complainants below, filed their bill in the Circuit Court of Baltimore City, for the reformation of a policy of fire insurance issued by the appellant, on certain property therein described as the property of the assured, alleging that material clauses were omitted by mistake, indicating the existence of incumbrances on the property, and the real interest of the parties insured or intended to be insured.

The Court below granted the prayer of the appellees, and decreed that the policy should be reformed accordingly, from which decree this appeal is taken.

The policy purported, in consideration of the receipt of seventy-five dollars, to insure Kennedy H. Butler, and his legal representatives, twenty-five hundred dollars on property situated in Cumberland, Maryland, as therein described, including certain buildings designated by letters referring to a diagram on file, and on certain fixtures, stock, furniture and other articles enumerated in a schedule annexed, under certain provisions and conditions therein contained.

The first clause of the conditions of said policy among others provided: "If the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in this policy, * * * then and in every such case this policy shall be void."

In the fourth clause it is declared : "If the interest of the assured in the property, be any other than the entire unconditional and sole ownership of the property for the use and benefit of the assured, or if the building insured stands on leased ground, it must be so represented to the company and so expressed in the written part of the policy, otherwise the policy shall be void."   Neither of these conditions were complied with.

The property insured being destroyed by fire, the assured furnished proof of the loss, and that he had complied with all the conditions in said policy required, but the insurance company declined and refused to pay, alleging non-compliance with the provisions of the fourth clause above cited.

The appellees then instituted suit in a Court of law against the appellant, and that Court decided they could not maintain the action unless the interest of Henderson was described in the same.

The appellees then *non prossed* the suit at law, and filed their bill against the appellant to reform and amend the policy.

It is alleged in the bill that Butler, being extensively engaged in the manufacture of furniture in the City of Cumberland, and desirous to raise money for the prosecution of his business, proposed to mortgage the premises described in the policy to Henderson for that purpose, but Henderson preferred the loan should be secured by the creation of a redeemable ground rent on the premises. Hence Butler, on the 14th of July, 1876, prior to the execution of the policy, by deed of bargain and sale in consideration of the sum of six thousand dollars, conveyed the fee to George Henderson, who on the same day leased the premises to Butler for ninety-nine years, renewable for ever, subject to a ground rent of $420 per annum, payable quarterly, with the reservation of the right of re-entry to the lessor, in case of default in the payment of the rents and other covenants, and reserving to the lessee the right to redeem upon the payment of the sum of six thousand dollars and all rent then due, the lessor will release the property from the payment of the rent and give a good sufficient deed for that purpose, etc.

And the lessee covenanted, that during the continuance of the lease, he would keep the property insured in some reliable company or companies, to the amount of $6000, and will assign the policies to the said Henderson, his heirs or assigns, for his or their benefit, in case of loss by fire.

The appellees allege in their bill, that they insured the premises in several other companies besides the appellant, and had the amount of $6000, entered to the use of George Henderson, " but that in the policy issued by the said Farmville Insurance and Banking Company, (the appellant) said endorsement was not made, because a sufficient amount had been already assigned him."

As to the representation of the interest of the assured in the property, the bill in substance, alleges, that at the time of effecting insurance, no questions were asked by the agent of the insurers, as to the title or interest of the

assured, that the agent, having effected insurances in several other companies of which he was the proctor, on the same property, on which policies the qualified interest of the assured was endorsed, he had actual or constructive notice of the fact, that George Henderson, Jr. had an interest in the premises.

And further, that the said fourth covenant in said policy is known as the "National Board of Underwriters' Form," and has no reference to the long leases peculiar to this State, but it is intended to embrace only short leases where the tenure of the party insured is of a short and precarious nature; and that the transaction between the insured and Henderson, was in the nature of an incumbrance or equitable mortgage, and in no manner increased the risk assumed by the insurers.

The bill further charges, that the policy of insurance in question, was effected through the agency of an insurance broker, who took out three policies therein mentioned, through the agent of said company, and when the last mentioned policy, that now in suit was negotiated, the broker of the complainants, and the agent of the company knew of the fact, that said Henderson had an interest in said property, and that said omission to enter the same on said policy, took place through the inadvertence and mistake of said broker and agent respectively.

The power of reforming or amending written contracts, upon the ground of accident or mistake, is one of the most delicate duties devolving on a Court of Chancery, and should be exercised with the utmost caution and care. It is in effect, reversing and annulling for the time, the common law rule of evidence, that a written contract shall not be altered or changed by parol, as well as those provisions of the Statute of Frauds, which require certain contracts to be evidenced by writing. In *Story's Eq. Jur.*, it is said, "relief will be granted in cases of written instruments only where there is a plain mis-

take clearly made out by satisfactory proof." *Story's Eq. Jur., p.* 177, *sec.* 157; *Gillespie vs. Moore,* 3 *John. Ch. Rep.,* 595; *Dyman vs. United Ins. Co.,* 2 *John. Ch. R.,* 630; *Henkle vs. Royal Assurance Co.,* 1 *Ves.,* 317, and other cases there cited.

This principle of equity is recognized and adopted by this Court, in several recent decisions. *Graff, et al. vs. Rohrer,* 35 *Md.,* 327; *Kearney vs. Sasscer,* 37 *Md.,* 264.

The theory upon which the jurisdiction is founded, is that a mistake has been committed, whereby the instrument to be reformed, misrepresents the true intent of the parties. This mistake must be mutual, and the facts, necessary to prove the mistake, must be established by the clearest and plainest evidence. *Harrison vs. Harwood,* 1 *Iredell's Equity,* 407; *Brady vs. Parker,* 4 *Id.,* 430; *Bailey vs. Bailey,* 8 *Humphrey,* 230; *Dyman vs. United Ins. Co.,* 2 *Johns. Ch.,* 630; 17 *Johnson,* 373.

The omission to insert a true description of the actual ownership of the property and relative interests of Henderson and Butler therein is alleged, (as we have seen,) to have proceeded from the inadvertence and mistake of Jones and Stewart, they having full knowledge of the fact.

Mr. Jones' knowledge of the actual state of the title, is supposed to be derived from his having effected several months before, policies of insurance, upon the same property, in the Ben Franklin and Delaware State Companies, with Stewart, agent for said companies, on which were endorsed "the amount of $625, insured under ninth item on building D, is payable, loss, if any, to George Henderson, as his interest may appear."

And Stewart's knowledge, from the fact, that as agent of those companies, he had endorsed said policies and held in his possession, diagrams delivered to him by Jones, as agent of the appellees, several months before.

In other words, that there was constructive knowledge of the facts, in the agents of each party to the policy.

Yet, Mr. Jones testifies on his cross-examination, that he made the entries on the policy in consequence of certain instructions, received long before, relating to other policies which being cancelled, he replaced in the Ben Franklin and Delaware State policies, and had no knowledge of the lease from Henderson to Butler, until after the fire occurred.

Mr. Stewart, agent of the appellant, testified that he was also agent for several other companies, and at the time of executing the policy now in suit, nothing was said to him as to who was to receive the money, "nothing further than what was stated on the policy itself," and that at the time of underwriting the present policy, he did not know that anyone had any interest in the property insured other than the appellees.

The effect of this testimony is not qualified by anything falling from these witnesses, and they are the only persons cognizant of the facts.

They not only fail to prove the existence of inadvertence or mistake in omitting to insert Henderson's interest as lessor, and Butler's as lessee, but show they were ignorant of that relation. For it may well be assumed, if Jones, the broker, did not know of the lease until after the fire, Stewart, the insurance agent, had no knowledge of it.

The argument of the appellees, that the transaction between Butler and Henderson, was in equity a mortgage, and the fee was in the mortgagor subject to the incumbrance, does not materially affect the case, because, if the relation was such, the first and fourth conditions of the policy, require the interest to be truly stated, whether as owner, etc., or, "if the interest of the assured in the property, be any other than the entire unconditional and sole ownership, etc., it must be so represented, etc., or the policy shall be void."

The attempt to establish a usage in contradiction of this fourth provision, is contrary to the best considered

authorities.   lt is elementary law, that a custom may be established by proper evidence to show the true construction of a contract, but not to control, alter and vary it. *Foley vs. Mason*, 6 *Md.*, 49, 50; *Murray vs. Spencer*, 24 *Md.*, 520; *Ches. Bank vs. Swain & Abell*, 29 *Md.*, 483.

Even if such an anomaly existed in the law, there is not evidence in this case, in our opinion, sufficient to sustain it.

The main fact necessary to give jurisdiction to a Court of equity, to reform a written contract being absent in this case, it is unnecessary to consider the other points so learnedly discussed by the counsel for the several parties in their briefs and oral arguments.

The decree below will be reversed with costs to the appellant.

*Decree reversed.*

(Decided 14th January, 1881.)