(Decided 16th January, 1885.)

---

## The Second National Bank of Baltimore *vs.* Thomas S. Wrightson, Ex'r of Samuel Stine.

*Certificate of Deposit—Banks, and Bank Officers—Principal and Agent—Notice—Practice in Equity—Subrogation—Mistake—Evidence.*

S. S. deposited a sum of money in bank and received a certificate of deposit, setting forth the deposit of the money by him, and stating that the same was payable to the order of himself, or of E. S., on the return of the certificate. Before the money was withdrawn, S. S. died. After his death, E. S., who was his wife, presented the certificate, and drew from the bank the amount of the deposit. Held:

1st. That the certificate of deposit did not authorize the payment of the money to E. S. *after the death of S. S.*

2nd. That notice to the paying-teller of the bank, of the death of S. S., received prior to the payment by him to E. S. of the amount of the deposit, was notice to the bank.

3rd. That if he in making the payment, after such notice, mistook the law, the bank whose agent he was, must suffer the consequences.

6                 v. 63.

4th. That the paying-teller was acting clearly within the scope of his authority as agent of the corporation.

The bank filed a bill in equity, to enjoin the prosecution of an action at law against it for the money deposited by S. S., brought by his executor; and to have the certificate reformed, as not having been drawn in conformity with the agreement of the parties. The evidence failed to establish a case for the reformation of the certificate, but it was developed in the proof, that a part of the money drawn by E. S. went directly to the payment of the debts and funeral expenses of S. S. On appeal it was HELD:

That the Court below committed no error in retaining the bill, and under the prayer for general relief, allowing the bank a credit for the amount of the money drawn by E. S., that went directly to pay the debts and funeral charges of S. S., and for which the executor had obtained a credit in his administration account.

Before a Court of equity will undertake the difficult and delicate task of reforming an agreement in writing, it must be satisfied beyond a reasonable doubt by the proof, that the agreement so sought to be reformed was not the agreement that the parties intended and wished to make; and it must be equally well satisfied, what was the agreement contemplated at the time of the execution of the writing.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*J. Wilson Leakin*, and *Luther M. Reynolds*, for the appellant.

*R. E. Jordan*, and *H. P. Jordan*, for the appellee.

STONE, J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case, must be overruled. As we shall affirm the orders appealed from, and as the result will be the same to the parties, whether

the appeal is dismissed or the orders affirmed, we do not think it necessary to state at length the reasons for over-ruling the motion to dismiss.

Samuel Stines, the appellee's testator, deposited with the appellant one thousand dollars, and took a certificate of deposit in the following terms:

$1,000. .       Certificate of Deposit.

   Second National Bank of Baltimore, Md.

         December 13, 1880.

Samuel Stines has deposited in this bank one thousand dollars, payable to the order of himself or Ellen Stines, on the return of this certificate.

No. 15280.       J. H. BAWDEN,

         per Smith, Cashier.

Samuel Stines died in April, 1881, before the withdrawal of the thousand dollars or any part of it, leaving Ellen Stines his wife surviving him. A few days after the death of Samuel, his wife Ellen presented to the appellant the certificate of deposit, and drew from the bank the whole amount. Some time afterwards, Wrightson, the appellee, took out letters testamentary upon the estate of Samuel Stines, and brought an action at law against the bank to recover the thousand dollars, upon the ground that the bank had no authority, under the terms of that certificate, to pay over to Ellen Stines this money *after the death of Samuel.*

Before the case at law was tried, the appellant filed a bill in equity, praying that the suit at law might be en-joined, and that the certificate might be reformed, alleging that it was not drawn in conformity with the agreement of the parties.

The Court below granted an injunction, and a good deal of proof was taken, and the Court finally decided in substance, that the appellant should pay over to the appellee the thousand dollars, less so much of it as appeared to have been received by the appellee, Wrightson,

from Ellen Stines, and applied to the payment of the funeral expenses and debts of Samuel, and from this order the appeal is taken.

A certificate of deposit, drawn like the one before us, did not authorize the payment of the money to Ellen Stines, *after the death of Samuel Stines.* This is no longer an open question in this State, but is fully settled in the cases of *Murray vs. Cannon, Adm'x,* 41 *Md.,* 466, and *Taylor vs. Henry and Bruscup, Adm'rs,* 48 *Md.,* 550. Indeed this principle is fully recognized by the appellant, who seeks to have the certificate reformed.

The appellant also seeks to shelter itself under the plea of a want of notice of the death of Samuel Stines, before the payment of the deposit. While such defence may have been a perfectly good one, if in accordance with the facts, yet we cannot disregard the evidence in the record, that the paying teller had notice of the death of Samuel Stines, before the payment of the money to Ellen Stines. The appellant, a corporation, can only act, or be notified through its officers. The officer whose duty it was to pay the certificate, was the proper one to receive the notice that Ellen Stines was *then* not the proper party to receive the money.

If he mistook the law, the bank, whose agent he was, must suffer the consequences. It is no defence against the legal owner of the money. The paying teller was acting clearly within the scope of his authority, as agent of the corporation. The duty of the paying teller of a bank is to pay the proper amount to the *proper person.* If he mistakes the person to whom the money is properly due and payable, and pays it to another, the bank must abide by the consequences of his mistake.

The appellant asks to have the certificate reformed, as not being drawn in accordance with the real agreement between the parties.

Before a Court of equity will undertake the difficult and delicate task of reforming an agreement in writing,

it must be satisfied beyond a reasonable doubt by the proof, that the agreement so sought to be reformed, was not the agreement that the parties intended, and wished to make, and it must be equally well satisfied, what was the agreement contemplated at the time of the execution of the writing. The evidence on these points must be full, explicit and satisfactory, before a Court of equity will interfere. There is no such evidence in this case, and the agreement will not be interfered with.

We might stop here and dismiss the bill, as the only specific relief asked by the appellant was the reformation of the agreement. But it was developed in the proof, that a part of the money drawn by Mrs. Stines, went directly to the payment of the debts and funeral expenses of Mr. Stines. It is therefore only equitable that the bank should stand in the place of those who were paid out of this fund. The lower Court therefore committed no error in retaining the bill, and under the prayer for general relief, allowing the bank a credit for the amount of the money drawn by Ellen Stines, that went directly to pay the debts and funeral charges of Samuel Stines, and for which the executor obtained a credit in his administration account. The orders appealed from will therefore be affirmed with costs.

*Orders affirmed with costs,*
*and case remanded.*

(Decided 16th January, 1885.)