## HARRISON L. ENGLAND *v.* BUELL M. GARDINER.
### [No. 75, October Term, 1927.]

*Decided February 1st, 1928.*

*Decree modified July 16th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Albert M. Bouic,* for the appellant.

*John E. Oxley,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

Harrison L. England, the appellant, by an agreement in writing dated the 22nd day of January, 1926, sold unto Buell M. Gardiner, the appellee, a lot of land and improvements thereon, in the town of Rockville, Montgomery County, known as the Day & Wood Store property, at and for the sum of $14,500, to be paid, as stated in the agreement or contract of sale, as follows:

> "The said party of the first part (Buell M. Gardiner) agrees to assume a first trust of $6,000.00 now on the property to run for three years from the date of delivery of property, and a second trust of $6,500.00 and $2,000.00 cash on or before the day of settlement.
>
> "If first trust does not run for three years, party of the first part to pay one-half of finance new loan of $6,000.00.
>
> "The party of the first part further agrees to pay at least $1,000.00 or more on the second trust yearly until paid. * * * Settlement to be made on or before ninety days from date."

The settlement was not effected at the time agreed upon, and on May 6th, 1926, the appellant filed his bill, alleging the appellee's failure to pay the balance of the consideration for the property sold, only $250 having been paid thereon, and asked for specific performance of the contract.

The defendant answered the bill, in which he averred that the appellant could not convey unto him a marketable title to the property sold, because of an agreement the plaintiff had previously made, on the 19th day of May, 1925, with the owners of other adjoining or nearby property, that he would not sell or convey the property in question "to any person or persons of African descent or having negro blood or any association or associations of persons or body corporate, the members of which are persons of African descent or of negro blood," and the agreement or covenant so made between them provided that it should "run with the land and bind the respective heirs, devisees and assigns of the parties thereto, until the first day of June, 1975." The answer averred

that said agreement constituted "a cloud, lien and encumbrance on the title to the lands" involved, "such as will and does render and make the said title unmarketable," and that it was "an unreasonable restriction upon the use and enjoyment of the lands and premises mentioned in these proceedings."

Evidence was taken in the case and the court, upon that evidence, on the 21st day of September, 1926, decreed specific performance of the contract. But as the court construed the contract not to require the appellee to pay interest on the second trust, it, in decreeing specific performance, relieved the appellee from the payment of the interest thereon.

The appellant was not willing to accept specific performance without the payment of such interest, claiming that it was mutually agreed that interest was to be paid on the second trust, and that the requirement of its payment was unintentionally omitted from the contract of sale, and he filed his petition asking that the decree passed should be annulled, and that he be permitted to file an amended bill, alleging these facts and asking that the contract of sale be reformed so as to carry out the agreement of the parties in respect to such interest.

The court thereupon passed its order, on the 19th day of October, 1926, vacating and annulling its decree of the 21st day of September, 1926, unless cause was shown on or before the date mentioned in the order. A hearing was had upon the petition, and on the 16th day of February, 1927, a final decree was passed by the court, vacating and annulling its decree of September 21st, as of the 19th day of October, 1926. On the 16th of February the appellant filed his amended bill of complaint, alleging therein, "that it was agreed and intended by the plaintiff and defendant that the deferred purchase money of $6,500 was to be represented by a promissory note of the defendant secured by a deed of trust to bear interest at six per cent. from the 22nd day of April, 1926, and said interest to be paid semi-annually, and that that part of the agreement was not incorporated in the written contract by oversight and mistake and that your orator is en-

titled to have said agreement reformed by the insertion of the words * * * after the words 'a second trust of $6,500' the following, 'to be represented by a promissory note of defendant to bear interest from the 22nd day of April, 1926, at six per centum per annum, payable semi-annually.' " And the bill concluded with the following prayers: First: That the agreement of January 22nd, 1926, be reformed by the insertion in the contract, at the place named, of the words stated in the amended bill. Second: That the agreement so referred to be specifically enforced and that the defendant be compelled in the specific performance of said agreement, to make and deliver his promissory note of $6,500.00 to bear interest from the 22nd day of April, 1926, at the rate of 6% per annum, payable semi-annually, as aforesaid. Third: That the said defendant may answer this amended bill. Fourth: "That the said defendant may answer as well the matters charged in the original bill of complaint, as in this amended bill." Fifth: For general relief.

The appellee, defendant below, filed his answer to the amended bill, in which he denied the allegation that it was intended by the plaintiff and defendant that the deferred purchase money of $6,500 should bear interest as alleged in the bill, but he failed to answer any of the allegations of the original bill, as requested in the prayer of the amended bill.

Evidence was thereafter taken only upon the issue created by the amended bill and answer, whether it was the intention of the parties, in the agreement made by them, that interest should be charged on the second trust. The court upon that evidence held that the plaintiff was not entitled to a reformation of the contract and dismissed "the bill." It is from that decree that the appeal has been taken.

The amended bill in this case contained only amendatory averments and was not filed in substitution for the original bill. It was not the intention of the plaintiff to abandon his original bill, but that the case should be heard upon the original bill as amended. This is shown by the prayer of the amended bill, by which the defendant was asked not only to answer its allegations, but also the matters charged in

514

the original bill. The answer to the amended bill failed to answer the allegations of the original bill, and answered only the allegations of the amended bill, and, as we have said, the evidence thereafter taken was confined to the issue created by the amended bill and answer. The case was not to be wholly disposed of by the court's decision upon the issue created by the amended bill and answer. The court had previously passed upon the issues presented by the original bill and answer, and had decreed specific performance. This decree, however, was not acceptable to the plaintiff, because of its failure to require the defendant to pay interest on the second trust, and, at his request, the decree was stricken out, leaving the case in the condition it was prior to the passage of that decree. The court, in disposing of the case, was not only to decide the issue created by the amended bill and answer, but also the issues created by the original bill as amended. After hearing evidence under the amended bill and answer, it was then for the court to decide, not only whether the plaintiff was entitled to have the contract reformed, as sought, but it was also to decide, whatever may have been the decision upon his right to have the contract reformed, whether the plaintiff was entitled to specific performance of the contract as construed by the court.

As to the plaintiff's right to have the contract reformed, it was said by this court in *Dulaney v. Rogers,* 50 Md. 524, "If parties enter into an agreement and through an error in the reduction of it to writing the written agreement fails to express their real intentions or contains terms or stipulations contrary to their common intention, a court of equity will correct and reform the instrument so as to make it conform to the intention of the parties." In *Miller v. Stuart,* 107 Md. 23, Judge Schmucker stated the rule as follows: "The power confided to courts of equity of cancelling or reforming written instruments is universally conceded to be an extraordinary one, whose exercise must be guarded with zealous care and granted only in a clear case. If the ground upon which its exercise is invoked be a mistake, * * * a mistake on one side will not be sufficient. It must be a mutual one. *Dulaney*

*v. Rogers,* 50 Md. 524; *Stiles v. Willis,* 66 Md. 552; *Farmville v. Buller,* 55 Md. 233. Not only must a mutual mistake be shown, but the precise agreement which the parties intended, but failed to express must be proven beyond a reasonable doubt. *Second Nat'l. Bank v. Wrightson,* 63 Md. 81; *Bouldin v. Wood,* 96 Md. 336. And the evidence required for this purpose must be of the strongest character and the proof must be convincing. *Keedy v. Nally,* 63 Md. 311; *Hilton v. Tyrell,* 93 Md. 657." See also *Dixon v. Dixon,* 92 Md. 432; *Gaver v. Gaver,* 119 Md. 634; *Hesson v. Hesson,* 121 Md. 626; *Dall Co. v. Butcher,* 135 Md. 25.

Applying the principles announced in the above cases, which have been universally followed by this court, to this case, where the evidence discloses that the defendant denied that it was mutually agreed between him and the plaintiff that interest should be charged upon the second trust, and where the evidence of the plaintiff was not clear and definite as to when and how it was to be paid, the court, we think, properly refused to decree a reformation of the contract as sought by the plaintiff.

This leaves to be decided the further question whether specific performance of the contract without such reformation should have been decreed.

The court, in passing its above mentioned decree requiring specific performance of the contract, which decree was subsequently set aside at the instance of the plaintiff, found upon the evidence adduced in the case that the alleged lien or cloud upon the title of the property, complained of by the defendant, was known to him at the time of the execution of the contract, and as it was so known to him at such time, he should not avail himself of the defense so made by him. This rule or principle of law, enunciated by the chancellor, is in full accord with the decisions of this court. *Cityco Realty Co. v. Friedenwald,* 130 Md. 329; *Swartz v. Realty Co.,* 106 Md. 298; *Shea v. Evans,* 109 Md. 229.

And we find no error in the court's construction of the contract, holding that no interest was to be paid upon the second trust, and in our opinion the court should not have

516

dismissed the bill in its entirety, but should have decreed specific performance, as it did in the first instance, without requiring the defendant to pay the interest on the second trust.

We will, therefore, reverse the decree appealed from and remand the case in order that a decree may be passed in conformity with this opinion.

> *Decree reversed and cause remanded, in order that a decree may be passed in conformity with this opinion, subject to such adjustment of stipulated interest as the court below may determine to be equitable, each party to pay half the costs in this court; the costs below to be paid as may be directed by the final decree.*