# JOSEPH STANLEY HOFFMAN ET UX. *v.* WILLIAM A. CHAPMAN ET UX.

[No. 4, October Term, 1943.]

*Decided November 3, 1943.*

 ██

The cause was argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, GRASON, MELVIN, ADAMS, and BAILEY, JJ.

*Robert Conroy* for the appellants.

*William E. Hutchinson* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This appeal was brought by Joseph Stanley Hoffman and wife from a decree of the Circuit Court for Montgomery County reforming their deed for a house and lot in a suburban real estate development at Kensington.

On August 18, 1941, William A. Chapman and wife, of Gaithersburg, through a real estate agent, agreed to sell to appellants part of Lot 4 in the section known as Homewood on Edgewood Road, the size to by 96 by 150 feet. The purchase price of this part, improved by a bungalow, was $3,600. Before the parcel was surveyed, appellants were given immediate possession. After the survey was made, the real estate agent sent the plat to the Suburban Title and Investment Corporation with instructions to examine the title and arrange for settlement. On October 20, 1941, when appellants made final payment in the office of the title company, they clearly understood that they were receiving only a part of Lot 4 containing one dwelling; but the deed actually con-

veyed the entire lot, which was improved by other dwelling property. When the mistake was discovered some time afterwards, they were requested to deed back the unsold part, but they refused to reconvey. The grantors thereupon entered suit in equity to reform the deed on the ground of mistake.

It is a settled principle that a court of equity will reform a written instrument to make it conform to the real intention of the parties, when the evidence is so clear, strong and convincing as to leave no reasonable doubt that a mutual mistake was made in the instrument contrary to their agreement. *Gaver v. Gaver,* 119 Md. 634, 639, 87 A. 396; *England v. Gardiner,* 154 Md. 510, 515, 142 A. 625; *Brockmeyer v. Norris,* 177 Md. 466, 473, 10 A. 2d 326. It is a general rule of the common law that parol evidence is inadmissible to vary or contradict the terms of a written instrument. *Markoff v. Kreiner,* 180 Md. 150, 23 A. 2d 19. But equity refuses to enforce this rule whenever it is alleged that fraud, accident or mistake occurred in the making of the instrument, and will admit parol evidence to reform the instrument, even though it is within the Statute of Frauds. *Safe Deposit & Trust Co. v. Diamond Coal & Coke Co.,* 234 Pa. 100, 83 A. ;54; *Dickenson County Bank v. Royal Exchange Assurance,* 157 Va. 94, 160 S. E. 13; *Foster v. Richey,* 192 Ark. 683, 93 S. W. 1258; *Gilbert v. Smith,* Tex. Com. App., 49 S. W. 2d 702, 86 A. L. R. 446; *Adams v. Henderson,* 168 U. S. 573, 18 S. Ct. 179, 42 L. Ed. 584. "A court of equity would be of little value," Justice Story said, "if it could suppress only positive frauds, and leave mutual mistakes, innocently made, to work intolerable mischiefs contrary to the intention of parties. It would be to allow an act, originating in innocence, to operate ultimately as a fraud by enabling the party, who receives the benefit of the mistake, to resist the claims of justice under the shelter of a rule framed to promote it. * * * We must, therefore, treat the cases in which equity affords relief, and allows parol evidence to vary and reform written con-

tracts and instruments, upon the ground of accident and mistake, as properly forming, like cases of fraud, exceptions to the general rule which includes parol evidence, and as standing upon the same policy as the rule itself." 1 *Story, Equity Jurisprudence,* 12th Ed., Secs. 155, 156.

It was urged by appellants that there was no meeting of the minds as to the exact location of the parcel sold, and therefore the contract of sale is void. This court cannot agree with that contention. If an agreement is so vague and indefinite that the court finds it impossible to gather from it the full intention of the parties, it must be held void, for the court cannot make an agreement for the parties. *De Bearn v. De Bearn,* 126 Md. 629, 95 A. 476. Yet the law does not favor, but leans against, the annulment of contracts on the ground of uncertainty. If the intent of the parties can be ascertained from the express terms of the contract or by fair implication, the contract should be sustained by the court. *Vincent v. Palmer,* 179 Md. 365, 370, 19 A. 2d 183. Of course, if the parties to a contract of sale did not understand each other as to the identity of the property, they cannot invoke the aid of equity, for in such a case there was no meeting of the minds. *Page v. Higgins,* 150 Mass. 27, 22 N. E. 63. However, where there is no mistake as to the identity of the property, but merely an incorrect description, whether in conveying too much property or too little, or referring to property entirely different from that intended to be conveyed, the court will correct the description, except as against *bona fide* purchasers for value without notice. *Stoneham Five Cents Savings Bank v. Johnson,* 295 Mass. 390, 3 N. E. 2d 730, 106 A. L. R. 1333; *Archer v. McClure,* 166 N. C. 140, 81 S. E. 1081.

Equity reforms an instrument not for the purpose of relieving against a hard or oppressive bargain, but simply to enforce the actual agreement of the parties to prevent an injustice which would ensue if this were not done. Chief Justice Alvey warned: "The court will

never, by assuming to rectify an instrument, add to it a term or provision which had not been agreed upon, though it may afterwards appear very expedient or proper that it should have been incorporated." *Stiles v. Willis*, 66 Md. 552, 556, 8 A. 353, 354. Nevertheless, where the description in a deed is not complete, but the contract of sale specified the amount of land to be conveyed, and thereafter a plat was prepared from a survey, extrinsic evidence may be admitted to show the real intention of the parties, and thereupon the court has power to make the description more definite under the maxim, *"Id certum est, quod certum reddi potest." Nolen v. Henry*, 190 Ala. 540, 549, 67 So. 500. In the present case there could not be any doubt about the identity of the dwelling which appellants agreed to buy, because they lived in it about two months before they made their final payment on the purchase price. It was understood and agreed by the parties that the parcel should have a frontage of 96 feet on the north side of Edgewood Road, and its depth should be 150 feet. Shortly thereafter the surveyor found that a part of the road ran across the southwest corner of the lot, and he suggested that the county engineer might be induced to shift the road slightly so as to enable the owners to convey a parcel exactly 150 feet in depth. But when the real estate agent gave assurance that the owners would be willing to convey a few more feet on account of the curve in the road, the surveyor made a devised plat allowing a depth of 150 feet on the east side, and 161.24 feet on the west side. Therefore, since the decree of the chancellor, based upon the revised survey, allows dimensions slightly larger than those stipulated in the contract, appellants certainly have no reason to complain.

Appellants insisted that the mistake in the deed was not due to their fault, but to culpable negligence of the grantors and their agents, and that no relief can be granted because the mistake was unilateral. It is axiomatic that equity aids the vigilant, and will not grant

relief to a litigant who has failed to exercise reasonable diligence. In *Boyle v. Rider*, 136 Md. 286, 191, 110 A. 524, it was stated that people cannot sign papers carelessly and then expect a court to excuse them from their negligence, especially when their action has misled others. But mere inadvertence, or negligence not amounting to a violation of a positive legal duty, does not bar a complainant from relief, especially if the defendant has not been prejudiced thereby. *Benesh v. Travelers' Insurance Co.*, 14 N. D. 39, 103 N. W. 405; 45 A. L. R. 704; *Columbian National Life Insurance Co. v. Black*, 35 F. 2d 571, 71 A. L. R. 128. Hence, it is not necessary for the complainant in a suit for a reformation to prove that he exercised diligence to ascertain what the instrument contained at the time he signed it. The term "mistake" conveys the idea of fault, and the mere fact that a mistake was made in the phraseology of an instrument does not establish such negligence as to preclude the right of reformation; for if it did, a court of equity could never grant relief in such a case. *Wilkins v. Dagle*, Tex. Civ. App., 265 S. W. 918, 924; *City National Bank v. El Paso & N. E. Ry. Co.*, Tex. Civ. App., 225 S. W. 391, 397, affirmed 262 U. S. 695, 43 S. Ct. 640, 67 L. Ed. 1184.

The general rule is accepted in Maryland that a mistake of law in the making of an agreement is not a ground for reformation, and where a mistake, either of law or of fact, is unilateral, equity will not afford relief except by rescinding the agreement on the ground of fraud, duress or other inequitable conduct. *Boyle v. Maryland State Fair*, 150 Md. 333, 340, 134 A. 124; *Gross v. Stone* 173 Md. 653, 664, 197 A. 137; *Brockmeyer v. Norris*, 177 Md. 466, 474, 10 A. 2d 326. The mistake in this case was not unilateral. Here the draftsman of the deed was acting as the agent of the parties. His mistake in the description of the real estate became the mistake of all the parties. The Court of Appeals recognized in *Boulden v. Wood*, 96 Md. 332, 37, 53 A. 911, that a court of equity may correct an instrument

wherein a provision was inserted by mistake of an attorney. Where a deed is intended to carry into execution a written or oral agreement, but fails to express the manifest intention of the parties on account of a mistake of the draftsman, whether from carelessness, forgetfulness or lack of skill, equity will rectify the mistake to make the deed express the real intention of the parties. *Archer v. McClure*, 166 N. C. 140, 81 S. E. 1081, Ann. Cas. 1916C, 180; *Walden v. Skinner*, 101 U. S. 577, 25 L. Ed. 963.

As it is beyond doubt that a mutual mistake was made in the description of the property in this case, the decree of the chancellor reforming the deed will be affirmed.

*Decree affirmed, with costs.*