## ROBINSON ET AL. *v.* GARDINER ET AL.

[No. 4, October Term, 1950.]

*Decided November 2, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Ernest A. Loveless, Jr.,* and *E. A. Wren,* with whom was *W. Gwynn Gardiner* on the brief, for appellants.

*W. Hamilton Whiteford* and *Palmer R. Nickerson,* with whom were *Due, Nickerson & Whiteford* on the

brief for appellee, Pennsylvania Threshermen & Farmers Mutual Insurance Co.

*F. DeSales Mudd,* with whom were *Mudd & Mudd* on the brief for appellees, George I. Gardiner, Jr., and H. Holland Hawkins.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Paul C. Robinson and Charles Haas, plaintiffs below, appellants here, from a judgment for costs rendered against them after demurrer, filed by appellees, was sustained to their first amended declaration. The trial judge refused to allow appellants to file a second amended declaration.

This first amended declaration contained two counts, one in contract and the other in tort and, for the purposes of this case, made the following declarations. The plaintiffs are engaged as a co-partnership in the lumber business. For a long time, prior to October 9th, 1945, defendant, George I. Gardiner, Jr., and H. Holland Hawkins, co-partners, trading as H. Holland Hawkins Insurance Agency, and Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company, appellees here, solicited from plaintiff Robinson insurance covering personal injury and property liability damage for his fleet of trucks. Gardiner recommended over a period of many years that the coverage of said insurance should be in amount in excess of $20,000.00 liability for injury to any one person for each large truck. A fleet policy of insurance No. M 13143 in excess of the aforesaid amount was so issued by defendants to plaintiff Robinson. [This fleet policy was later reduced but the declaration does not show whether or not this reduction was made before October 9, 1945 and does not allege that any insurance in excess of $20,000.00 was in effect on October 9, 1945.]

On or about the 9th day of October, 1945 plaintiffs purchased another tractor and trailer known as 1944 Federal Tractor and contracted with defendant Gardiner for the issuance of like insurance protection on this ad-

ditional truck, Gardiner agreeing at that time that the issuance of the aforesaid policy would keep plaintiffs free from any and all liability for either personal injury or property damage which might grow out of the ownership or use by plaintiffs or their agents of the aforesaid vehicle. In making said statements, Gardiner was acting as agent of said insurance companies and undertook to issue such a policy. Notwithstanding this, Gardiner did, in breach of the aforesaid agreement and unknown to plaintiffs, cause a change of declaration endorsement to be issued on the policy which provided the sum of only $5,000.00 bodily injury liability insurance for each person and $10,000.00 bodily injury and liability insurance for each accident and $5,000.00 property damage liability. This amount was completely inadequate to assure the protection promised and agreed upon. The aforesaid policy M 13143 and change of declaration endorsement was kept in the exclusive possession, care and custody of defendant, H. Holland Hawkins Insurance Agency and plaintiffs were without knowledge of the aforesaid small, insufficient and inadequate amount of liability insurance until after February 19, 1946.

On February 19th, 1946, while the plaintiff Robinson was the owner, the aforesaid tractor and trailer truck, driven by an employee of the plaintiff and while on business for the plaintiff, was involved in an accident resulting in the death of one William E. Wood and a suit was filed against appellants in the Federal Court. As a resut of Wood's death, a settlement was made with his heirs, whereby appellants were held liable to the extent of $17,000.00. Appellee insurance companies, acting on the written provision of their said policy M 13143, paid only $5,000.00 of the aforesaid settlement and refused to pay the entire amount of liability growing out of the aforesaid accident. The appellants paid the remaining sum of $12,000.00 due under the settlement agreement. The declaration was based on this alleged agreement to insure.

Of course, no action will lie upon a contract, whether written or verbal, where such a contract is vague or uncertain in its essential terms. The parties must express themselves in such terms that it can be ascertained to a reasonable degree of certainty what they mean. If the agreement be so vague and indefinite that it is not possible to collect from it the intention of the parties, it is void because neither the court nor jury could make a contract for the parties. Such a contract cannot be enforced in equity nor sued upon in law. *DeBearn v. DeBearn,* 126 Md. 629, 633, 634, 95 A. 476; *Thomson v. Gortner,* 73 Md. 474, 21 A. 371; *Hoffman v. Chapman,* 182 Md. 208, 211, 34 A. 2d 438; *Martz v. Jones,* 189 Md. 416, 423, 56 A. 2d 30. For a contract to be legally enforceable, its language must not only be sufficiently definite to clearly inform the parties to it of what they may be called upon by its terms to do, but also must be sufficiently clear and definite in order that the courts, which may be required to enforce it, may be able to know the purpose and intention of the parties. *Reiser Co. v. Baltimore Radio Show,* 169 Md. 306, 312, 181 A. 465; *H. W. Kastor & Sons Advertising Co. v. Grove Laboratories,* D. C., 58 F. Supp. 1011, 1015.

Here, both the contract and tort counts are based entirely upon an alleged agreement with the appellants that they would cause insurance in an amount in excess of $20,000.00 liability for personal injury to be issued covering the tractor and trailer involved in this accident, which would keep plaintiffs free from any and all liability for either personal injury or property damage which might grow out of the ownership or use by plaintiffs or their agents of the aforesaid vehicle. Here, of course, the alleged contract is too vague and uncertain in its terms. It is not definite as to the amount of insurance the appellees agreed to issue and plaintiffs' whole complaint here is based solely on the amount of coverage in the policy. Therefore, the amount of coverage agreed upon is an essential element of the contract. If the endorsement in the policy had been issued in an

amount in excess of $20,000.00, such an amount would not have kept appellants "free from any and all liability which might grow out of the ownership or use by plaintiffs or their agents of the aforesaid vehicle." Such an amount is too indefinite and vague to be ascertained. It is an impossible undertaking. As suggested by appellee, if this insured tractor and trailer had struck a train causing its derailment and injuries to countless people, what would be ample insurance to free appellants from all liability? Therefore, the alleged agreement upon which both the contract and tort counts in the declaration are based is too indefinite to be performed and the demurrer was properly sustained.

As to the second amended declaration which appellants attempted to file and which is not before us in this case, it is there alleged that Gardiner advised the plaintiffs that he would then and there "issue heavy and plenty of insurance coverage which would protect plaintiff from any and all liability which might grow out of the use and ownership of the aforesaid vehicle and implied that he would issue insurance in the amount and character that he had previously advised and issued for plaintiffs' other larger motor vehicles." As in the previous declaration, such an amount is too indefinite and vague to be ascertained.

As the alleged agreement as to the amount of the policy, upon which this whole action is based, is too indefinite to be enforced and too uncertain in its terms it is not necessary and we do not pass upon other questions raised, such as: whether Gardiner acted as the agent of the appellants or as the agent of the appellees; whether or not appellants are estopped by the payment of the $5,000.00 made by the insurance companies; whether appellants should have sought reformation of the insurance policy; the effect of appellants not examining the insurance policy; and other questions. The judgment will be affirmed.

*Judgment affirmed, with costs.*