WILLIAM T. WARBURTON, Surviving Administrator.

*vs.*

ANTHONY S. DAVIS and KATE T. DAVIS.

*Partners: accounts; laches; need not be specially pleaded.*

When a partnership is alleged and admitted, a prayer for an account is granted, in general, as a matter of course, unless the right of the complainant to relief is barred by lapse of time.                                                p. 230

But when it manifestly appears from the proof that the party asking the interposition of the Court has no real cause of complaint, and that no good purpose could be accomplished by directing an account, no account ought to be ordered.      p. 230

On the ground of laches, a Court of Equity may, in its discretion, refuse relief, although the Statute of Limitations is not pleaded, or the bill demurred to.                   p. 231

In equity, laches and lapse of time are as effectual as the plea of limitations in law, and they are analogously applied.

p. 231

What will constitute such laches and lapse of time as to bar a purely equitable claim, depends on all the facts of the case.

p. 231

Upon the death of a member of a partnership, all the parties in question accepted the account which was then stated and submitted, and all outside creditors of the firm were paid. It was *held,* that after a delay of fifteen years, during which time no objection to the account had been made, it was too late to reopen the account.                                          p. 232

*Decided April 8th, 1914.*

Appeal from the Circuit Court for Cecil County. In Equity. (HOPPER and ADKINS, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Robert P. Shick* and *George Whitelock* (with whom was *Henry A. Warburton* on the brief), for the appellant.

*William S. Evans* and *James F. Evans,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill of complaint in this case was filed by the appellant as surviving administrator of one James A. Davis, late of Cecil County, against Anthony S. Davis, the surviving partner of James A. Davis and Son, and against Kate T. Davis, the wife of Anthony S. for an accounting of the partnership property and estate of James A. Davis and Anthony S. Davis, partners, trading as James A. Davis and Son. The partnership was formed about the year 1882.

James A. Davis died in the year 1894 and letters of administration were granted to his two sons, Anthony S. and James C. Davis. Subsequently the two sons resigned and in May, 1896, letters of administration were granted to Charles C. Crothers and the appellant. Charles C. Crothers died on or about the year 1897, and the administration of the estate devolved upon the surviving administrator.

The bill was filed on the 29th of September, 1910, and in substance avers that James A. Davis was a member of the firm of James A. Davis and Anthony S. Davis, partners, trading as James A. Davis and Son, and at the time of the death of James A. Davis as a member of the firm, he was seized and possessed of real and personal property located in the States of Maryland, Pennsylvania, Virginia, North Carolina and elsewhere. That the defendant as surviving partner, after the death of James A. Davis, sold the real and personal property belonging to the firm and located in those States, and converted the same into cash or made other disposition of it. That the surviving partner has caused some of the real estate to be sold, and had the same conveyed to his wife, Kate T. Davis.

The bill further avers that from the sums of money realized from the partnership there is a large sum due and owing from the surviving partner, belonging to the estate which should be paid to the surviving administrator to be distributed under the directions of the Orphans' Court of Cecil County. That the appellant has been unable to get a statement from the surviving partner as to the partnership estate, or what interest the surviving partner had in the partnership firm at the time of the death of James A. Davis.

The bill then avers that the surviving partner has not, from the date of the death of the appellant's intestate, to the present time, made any account to the appellant as administrator of the deceased, of the money and estate belonging to him in the partnership, but has controlled the same as his own property.

The prayer of the bill is the usual one for an accounting, and is to the effect, first, that the defendant Anthony S. Davis may on oath answer the bill and set forth in detail, all property of every kind, real and personal, wheresoever located belonging to the firm of James A. Davis and Son at the time of the death of the appellant's intestate, and to ac-

count for all of his interests in the partnership property from the date of his death up to the time of filing the bill.

Second. That the defendant Kate T. Davis answer the bill under oath and discover and set forth in detail all sums of money received by her from the partnership assets of the firm, or any property she now holds, real or personal connected with and formerly belonging to the partnership estate.

Third. That the defendant be decreed to pay over unto the appellant all sums of money arising out of the proceeds of any sale or sales made of the partnership property or in any way belonging to the estate of the deceased; and

Fourth. A prayer for general relief.

The defendants filed separate answers to the bill.

The defendant Kate T. Davis, in her answer denies holding any real estate in this State which was conveyed by her husband, as surviving partner, and avers if she holds or owns any outside of the State this Court has no jurisdiction to inquire into it, and that the administrator has no interest therein, as it is her individual property.

The answer of the defendant Anthony S. Davis, was filed on the 30th of December, 1910, wherein he sets forth the property and estate of James A. Davis and Son that came into his hands as surviving partner, in order to close up the partnership affairs on the 11th day of November, 1894, and also a statement of accounts, as surviving partner, showing the manner of his dealing with the partnership property and effects.

He filed with the answer a detailed statement marked Exhibit A. S. D. No. 1, which he avers contains a correct and just account of the facts therein set forth. This statement will be found in the record, covering over fifty pages, from page 14 to page 71.

The answer avers that the partnership property was ample to pay all the creditors in full, except himself, and that there is still a large sum due him for his one-half interest in the partnership firm. It further avers that there is no money in

his hands belonging to the separate personal estate of the plaintiff's intestate; that Minnie J. Harner, a daughter, and her husband, on the 6th of July, 1906, executed and delivered to him a release for her interest in the estate, and that James C. Davis, a son, on the 28th of March, 1896, gave him a receipt for all his distributive share in the partnership estate.

The answer further avers that no demand has ever been made by the plaintiff upon the defendant to pay over to him any money belonging to the separate estate of James A. Davis, but on the contrary he has accounted to and paid over to him from time to time, moneys collected by him as attorney, due him as surviving partner, that he was the defendant's attorney as well as administrator of James A. Davis, and either knew, or ought to have known the status of the estate at the time of the death of the senior partner.

The answer then denies all allegations of improper conduct in the administration of the property of the firm or in the conduct of the business thereto.

There were exceptions filed to these answers and on the third day of April, 1911, after a hearing, the exceptions to the answer of Kate T. Davis were overruled and the bill dismissed as to her. The second, third, fourth, fifth, sixth, eighth and ninth exceptions to the answer of Anthony S. Davis were sustained, and the first and seventh were overruled.

On the 14th of September, 1911, the defendant in pursuance of the order of Court filed an additional and supplemental answer, accompanied by a supplementary report of certified accountants, and twenty-seven exhibits setting out in detail a full statement of the account of the partnership effects and estate as surviving partner.

Subsequently a large mass of testimony was taken by each side and the case was heard upon a motion by the plaintiff to refer the case to the auditor to state an account, and from

an order of Court refusing the plaintiff's motion and dismissing his bill, this appeal has been taken.

As we concur in the conclusion reached by the Court below in its determination of this case, it will not be necessary to discuss all the questions raised on the voluminous record now before us, or presented in the argument at the hearing.

The Court below held that under the facts and circumstances as disclosed by the proof, no good purpose or end could be accomplished by ordering an account, and that even if the plaintiff ever had any real cause of complaint, or right to relief in a Court of Equity, it would be barred by the lapse of time.

In *McKaig* v. *Hebb,* 42 Md. 227, this Court said, it is no doubt the general rule when a partnership is alleged and admitted, to order an account, as a matter of course, unless the right of the plaintiff to relief is barred by lapse of time. But where it manifestly appears from the proof, that the party asking the interposition of the Court, has no real cause of complaint and that no good purpose or end can be accomplished by directing an account to be taken, it ought not to be ordered.

The points of analogy between that case and this is somewhat obvious.

In *McKaig's case,* the Court said, that the fact that the parties did not contemplate any further account of the partnership affairs, was strenghtened when we consider that more than eight years elapsed after the dissolution before the bill was filed.

In the present case it appears that more than fifteen years elapsed after the death of the senior partner before this bill was filed, and it is now on or about twenty years since his death.

The evidence shows that on or about the 1st day of December, 1894, all of the heirs at law and representatives of the deceased partner, their counsel and the plaintiff here, met after the death of the senior partner, when and where an

account was stated and submitted, showing the condition of the firm, and accepted by the parties in interest. Since that date, all of the creditors of the firm have been paid by the surviving partner except the defendant, Anthony S. Davis, who holds a large claim against the partnership's estate.

No demand has ever made, during the length of time stated, upon the surviving partner for an account of the partnership affairs, other than what has been stated, and it appears that a release has been executed by Mrs. Harner and husband, and a receipt by James C. Davis to the defendant, for their interest in the estate.

But it is insisted upon the part of the appellant that the appellee is not entitled to the benefit of the doctrine of laches or staleness of claim, because that defense was not specially set up by the demurrer or in the answer, and was not raised until the hearing.

In *Syester* v. *Brewer,* 27 Md. 319, laches and lapse of time were held to be a full bar to the appellant's recovery. In that case the Court said, it was contended that the defendants in their answer had not relied upon this defense, and could not avail themselves of it at the hearing. But we are of opinion that the Court itself, in its own discretion, may refuse to grant relief after a limited period, even though the statute is not pleaded and the bill is not demurred to. *Lewin on Trusts,* 617. Laches and lapse of time are as effectual as the plea of limitations, and they are applied in equity analogously. 2 *Story's Equity,* sec. 1520; *Battaile* v. *Fisher,* 36 Miss Rep. 321; *Wickliffer* v. *Lexington,* 11 B. Monroe, 161. What will constitute such laches and lapse of time as will bar the right of parties to recover on a claim purely equitable, all the authorities say must depend upon the particular facts and circumstances of each case. *Hanson* v. *Worthington et al.,* 12 Md. Rep. 441.

*Syester's case, supra,* was cited and approved by this Court in *McCoy* v. *Poor,* 56 Md. 204; *Haugh* v. *Maulsby,* 68 Md.

428 and *Kelso* v. *Stigar,* 75 Md. 399, and cited in 16 *Cyc.* 152.

In *Preston* v. *Horwitz,* 85 Md. 164, it is said, the policy of the law is to give quiet and repose to titles and Courts of justice ought not to contenance laches or long delays on the part of claimants.

As was said by JUDGE ALVEY in *Wilhelm* v. *Caylor,* 32 Md. 151, that Courts of Equity in such cases, act upon its own inherent doctrine of discouraging for the peace of society, stale demands, by refusing to interfere in favor of a party guilty of laches or unreasonable acquiescence in the assertion of an adverse claim.

There are numerous other authorities to the same effect with those cited, and they are amply sufficient to dispose of this case, upon this ground alone.

But apart from the doctrine of laches and lapse of time being a complete bar to the appellant's right to an account in this case, we think the plaintiff has failed to make out a case, upon the merits, to entitle him to the relief asked by his bill. It is therefore not necessary to extend this opinion by discussing the subject matter.

The result is that the decree appealed from will be affirmed.

*Decree affirmed, with costs.*