ELLIS, Judge.
The Department of Highways of the State of Louisiana has appealed from a judgment setting aside a certain right-of-way deed recorded in Book 618 of Conveyances, page 477 et seq. of the records of Cal-casieu Parish, Louisiana insofar as it effects plaintiffs’ property described as follows :
Northeast Quarter of Northeast quarter (NE% NE%) of Section Eleven (11), Township Seven (7) South, Range Eleven (11) West, less two tracts in the Southeast corner sold to W. D. Hoosier, on September 4, 1953 and April 14, 1954, by acts recorded in Conveyance Book 546, at page 198, and Conveyance Book 558, at page 177, respectively, records of Calcasieu Parish, Louisiana.
The Lower Court dismissed plaintiffs’ demand against George C. Van Neste, co-defendant, and while we are not concerned with this judgment, as no appeal was taken therefrom, we unhesitatingly state that same is correct.
Appellant has pitched its appeal upon an erroneous interpretation of the allegations of plaintiffs’ petition, in that, it has taken the position that the petition does not charge an error of fact as the grounds for setting aside the right-of-way deed, but only that Mr. George C. Van Neste obtained the signatures of plaintiffs to the right-of-way through fraud, subterfuge and misrepresentation. Appellant in its brief states:
“According to defendant’s appreciation of the evidence adduced in this case, the only question to be determined by this Court is whether or not Mr. George C. Van Neste, Senior Right of Way Agent for the Department of Highways, obtained the signatures of plaintiffs to the right of way grant through fraud, subterfuge and misrepresentation, as is so strenuously urged by plaintiff.”
The judgment of the Lower Court in setting aside the right-of-way deed was based as shown by the written reasons squarely upon a finding that there had been an error of fact, a misunderstanding, or a failure to have a meeting of the minds of the parties on a material, and we might add, the main and all important part of the proposed right-of-way contract. We find after a careful consideration of the record that the Lower Court was not only justified under the allegations of plaintiffs’ petition in considering as a grotind for setting aside the contract an error of fact, but that he was correct in his judgment. In the first place, plaintiffs’ petition sets forth in detail the facts concerning the signing of the right-of-way deed in question as they understood it, which, if true and proven, would show that they signed it through an error of fact. In Article Nine they specifically allege: “ * * * that the instrument which purportedly covers said right-of-way, and which was signed by them through error of fact on their part and by reason of the false misrepresentation * * * ”. It is not necessary to copy the 25 allegations of the petition, as it charges both an error of fact and a signing by reasons of false misrepresentation or fraud. The latter ground was correctly rejected by the Lower Court. We find no intention on the part of any of the parties to the contract to practice any fraud or subterfuge in order to obtain the right-of-way deed which was set aside by the Lower Court. The deed was signed in blank, that is, without a definite description and the plaintiffs simply understood that they were giving an additional fifteen feet, whereas, the representatives of the defendant thought they had made it clear that they desired quite a bit more, however, we are firm in our opinion that the District Court has correctly decided the case upon *104 the charge of error of fact and we adopt his opinion as our own and we quote:
“Plaintiffs, wife and husband, filed suit against Louisiana State Department of Highways and one of its employees, George C. Van Neste, to set aside a right-of-way deed granted by plaintiffs in favor of Department of Highways because of certain misrepresentations by the said George C. Van Neste. Defendants filed an answer denying plaintiffs’ petition and defended the transaction as proper and regular and asked for a dismissal of the suit.
“The evidence of plaintiffs and that of defendants are in direct conflict. Nothing would be served by going into detail as to the evidence adduced on the trial of the case.
“It appears from the record that the Department of Highways was interested in improving and enlarging a secondary road in Calcasieu Parish, Louisiana, designated as State Project No. 191-03-15. The Highway Department instructed their right-of-way agent, Mr. George C. Van Neste, to obtain right-of-way deeds or servitudes from the various landowners along said proposed route.
“Mr. Van Neste, in the company of Mr. Jack Hadnot, another employee of the Highway Department, visited the plaintiffs with a view of obtaining their signature to a blank right-of-way deed which referred to the state project in question. The right-of-way deed contained the signatures of other landowners along the proposed route.
“Plaintiffs are the owners of approximately thirty-eight acres of” land in the path of the proposed right-of-way. At the time they purchased the property, it was subject to' a sixty-foot right-of-way.
“The dispute in the case at bar is as to the additional width of the right-of-way intended to be granted to the Highway Department by plaintiffs. Plaintiffs contend that it was their intention to grant an additional fifteen foot right-of-way, whereas, defendant Highway Department contends that they acquired by the right-of-way deed an additional forty foot right-of-way.
“The evidence discloses the facts (1) that no consideration was paid for the right-of-way, and (2) that no work has been done on the proposed' right-of-way except some survey of the plaintiffs’ property has been made.
“While it is true plaintiffs ask for a set aside of the right-of-way grant on the ground of fraud, it is actually based on an error of fact.
“The writer of this opinion has known Mr. Charles J. Ernst for twenty years and has found him to be a good citizen, trustworthy and reliable. The defendant witnesses likewise bear a good reputation, Mr. Hadnot being a former Clerk of Court of Vernon Parish for many years.
“The width of the right-of-way grant is referred to in Paragraph 1 of said instrument and reads as follows, to-wit:
“ ‘The right-of-way or servitude hereby granted shall be limited to the width and location as designated on the construction plans for the aforesaid highway project approved by the Chief Engineer for the said Department of Highways, which plans are on file in the office of the Department in the City of Baton Rouge, Louisiana, which said plans are made a part hereof by reference.’
“Plaintiffs testified the reason they had agreed to the extra fifteen feet was because there had been an encroachment of that amount on a small portion of the land by public use. This was verified by Mr. R. E. Oxford, Civil Engineer.
“Chapter 2 of the Louisiana [LSA-] Civil Code treats of the requisite to the formation of a valid agreement.
*105 “Paragraph 2 [section 2] of said Chapter 2 of the [LSA-] Civil Code declares what defects of consent will invalidate a contract.
"Articles 1819, 1820, and 1821 of the Louisiana [LSA-] Civil Code provide the following, to-wit:
“ ‘1819. Consent defined — Mistake, fraud, or duress — Effect. Consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated, and resulting in each party from a free and deliberate exercise of the will, it follows that there is no consent, not only where the intent has not been mutually communicated or implied, as is provided in the preceding paragraph, but also where it has been produced by — Error; Fraud; Violence; Threats.’
“ T820. Kinds of error. — Error, as applied to contracts, is of two kinds:
‘“1. Error of fact;
“ ‘2. Error of law.’
“ ‘1821. Error of fact defined.— That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.’
“Article 1841 of the Civil Code, under the heading ‘Of Error as to the Nature and Object of the Contract,’ Chapter 2 [section 2], Paragraph 6, declares:
“‘1841. Effect — Nature of contract defined. Error as to the nature of the contract will render it void.
“ ‘The nature of the contract is that which characterizes the obligation which it creates. Thus, if the party receives property, and from error or ambiguity in the words accompanying the delivery, believes that he has purchased, while he who delivers intends only to pledge, there is no contract.’”
“In the opinion of this Court, there was an error of fact which voids the contract between the parties. If the Court allows the grant to remain in force, it will deprive plaintiffs from five to seven acres of land out of the thirty-eight acre parcel, and will virtually destroy its use for any purpose.
“In Louisiana Rural Electric Corporation v. Guillory, 224 La. 73, 68 So.2d 762, the Supreme Court said that where parties are mutually mistaken about the land covered by the grant, the remedy is for cancellation of the erroneous deed.
“While it is true defendant Highway Department may expropriate the right-of-way in a separate action, the landowners will then be able to receive damages for the taking, and also be entitled to prove severance damages if any occur.
“For the reasons assigned, judgment is hereby rendered in favor of plaintiffs, and against defendant, Department oí Highways of the State of Louisiana, setting aside the right-of-way deed recorded in Book 618 of Conveyances, Page 477 et seq., Records of Calcasieu Parish, Louisiana, insofar as it affects plaintiffs’ property.
“The fee of R. E. Oxford is fixed at $50.00 and taxed as costs.
“The defendant, Department of Highways of the State of Louisiana, being a political subdivision of the state, is hereby-relieved from the payment of all costs except those which may be legally due,
“The demand against George C. Van Neste is hereby dismissed as of non-suit.”
For the above and foregoing reasons the judgment of the District Court is affirmed.