PAINTER *v.* DELEA, ATT'Y, ETC. ET AL.

[No. 111, September Term, 1962.]

*Decided October 30, 1962.*

560

The cause was argued before the full Court.

*George E. Brown, Jr.*, with whom was *Howard DeMuth, Jr.*, on the brief, for the appellant.

*Edwin H. W. Harlan*, with whom were *Earl K. Wellschlager* and *Michael F. Delea* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

The appellant, C. Fred Painter, has appealed from the decree of the chancellor in which he decreed the reformation of a mortgage and waiver of priority by increasing the amounts set forth in these instruments from $10,000 to $15,000.

In January 1960, International Trailer Company, Inc. (International), through its president, James William Fyle, Jr., made application to Madison Square Permanent Building Association (Madison) for a loan of $15,000 to be secured by a mortgage on its real estate located in Harford County, Maryland. After the property was inspected by an appraisal committee, Madison informed Fyle that it would not lend $15,000 on this property alone. Arrangements were then made to have the residence property owned by Fyle and his wife, located in Baltimore County, included in the mortgage to furnish additional security for a loan of $15,000. On January 22, 1960, a loan of $15,000 to International was approved by Madison, to be secured by a mortgage against its property containing 26.7 acres in Harford County, and also against the personal residence of the Fyles, known as 14 Bangert Street, Forge Acres, in Baltimore County, until $5,000 had been paid on the loan.

At this time the appellant held a second mortgage against the real estate of International in the amount of $42,000, and one Gassinger held a first mortgage in the amount of $10,000. The purpose of borrowing the $15,000 from Madison was to pay off the Gassinger mortgage, and the balance of the pro-

ceeds was to be used to pay Phillips, an employee of International, the amount it then owed him.

In order to give Madison a first mortgage against the property of International it became necessary to have Painter waive priority of his $42,000 mortgage to the extent of $15,000, which he readily agreed to do.

After the title was examined International was advised by Michael F. Delea, attorney for Madison, that it would be necessary for International to hold a meeting for the purpose of authorizing a $15,000 first mortgage on its Harford County tract and that Painter, who held the controlling stock, would have to consent, and also had to waive priority of his mortgage in favor of Madison's first mortgage for $15,000. Accordingly, on February 29, 1960, the Board of Directors of International held a meeting and authorized a first mortgage of $15,000 on its 26.7 acres in Harford County. On the same day Painter acknowledged before a notary public that he had read the minutes of the meeting and agreed to and approved the $15,000 mortgage.

International was requested to bring to the settlement a copy of the minutes certified by the secretary, a copy of the approval and consent of Painter, and an executed copy of the waiver of priority, which had been mailed to International.

In the meantime Mr. Delea had instructed his secretary to prepare the mortgage and waiver, but instead of preparing a single mortgage of $15,000 to be jointly executed by International and the Fyles covering both the Harford and Baltimore County properties, and a waiver to be executed by Painter to the extent of $15,000, she prepared two separate mortgages, one from International to Madison on the Harford County property in the amount of $10,000, and one from the Fyles and International to Madison in the amount of $5,000 on Fyles' Baltimore County property; and also prepared the waiver to be executed by Painter, waiving his second mortgage only to the extent of $10,000 rather than $15,000.

Settlement of the loan was made at the offices of Madison on March 2, 1960. Those present were Mr. Fyle, president of International, Mrs. Fyle and Mr. Delea. A check was issued by Madison to Michael F. Delea in the sum of $15,000. The

settlement sheet called for a mortgage loan of $15,000 from Madison to International and Fyle and wife on 26.7 acres in Harford County and Lot 2, Block H, Section B, Forge Heights [Acres]. It showed payment of the Gassinger first mortgage in the sum of $10,150 and a balance to the mortgagors in the sum of $4,352.02. This balance was paid over to International, and the check therefor shows that it was endorsed over to Gibraltar Industries, a corporation admittedly owned and controlled by Painter. At the settlement two mortgages were executed, one by International in the amount of $10,000 and signed by Fyle as president, the other by Fyle and wife and International for $5,000. The first called for payments of $166.54 per month, which was an amortization on a $15,000 loan for ten years; the second, or $5,000 mortgage, called for monthly payments of $60.

At the settlement a certified copy of the minutes of International calling for a $15,000 first mortgage was produced together with the consent and approval of this mortgage by Painter, and Painter's waiver of priority of mortgage (which had been sent to International) calling for waiver in favor of a $10,000 mortgage. Thereafter, a passbook was issued to International only, showing a mortgage loan of $15,000, and payments were made on the same until September 1960, when they became in default.

In February 1961 the appellant foreclosed his second mortgage. At the sale, which was conducted by the attorney for Mr. Painter, the property was advertised for sale subject to a first mortgage in the sum of $13,814.29, the exact amount then due Madison. The appellant was the purchaser at this sale. Madison in March 1961, through Michael F. Delea, attorney named in the mortgage, one of the appellees, instituted foreclosure proceedings on its mortgage covering the Baltimore County property, and the statement of its mortgage claim is identical to the statement read out at the mortgage sale conducted for Painter.

Later, it was discovered that the mortgage from International to Madison called for only $10,000 indebtedness instead of $15,000, and that the waiver from Painter only called for waiving priority for a $10,000 mortgage instead of $15,000.

Madison then filed its petition in the same proceeding asking for a reformation of both the mortgage and waiver. It alleged that through error both the mortgage and waiver recited an indebtedness of $10,000 and that both should have recited an indebtedness of $15,000. The Fyles answered, admitting the allegations of the petition, but the answer of Painter denied them. International, which was then in receivership, did not participate in the proceedings on the petition.

After a full hearing where evidence was taken and the parties had been heard, the chancellor found as a fact that the testimony and records disclosed that International had applied for a loan of $15,000, which was granted by Madison upon furnishing additional security; that the settlement showed a $15,000 distribution for International's benefit with payment directly to International of the balance of the proceeds; that it showed that the passbook was set up for $15,000; that it also showed that Painter knew of the $15,000 loan and that he intended to do everything necessary to enable International to complete the transaction; that it also showed that International was heavily indebted to Painter, who held the stock of the company to secure it, and that he was closely associated with the management of International to the extent that it was to Painter's best interest to keep International as a going concern. The chancellor further found as a fact that Mr. Delea, attorney for Madison, completed the arrangement for all parties to the transaction and that he admitted that he (through his secretary) made a mistake in drawing the mortgage and waiver for $10,000 instead of $15,000; and accordingly decreed the reformation of both instruments so as to conform to the true intention of the parties.

The appellant contends that the mistake by Mr. Delea was not chargeable to the appellant and was therefore not a mutual mistake of fact, and that in any event there was no agreement between the appellant and Madison regarding the waiver and mortgage prior to the execution of these instruments upon which a reformation could be predicated. The appellee contends that there was a mutual mistake as to the waiver and the mortgage which called for reformation.

It is an established principle that a court of equity has the

power to afford the remedy of reformation in order to make the instrument conform to the intent of the parties. *Hoffman v. Chapman,* 182 Md. 208, 210, 34 A. 2d 438, and cases cited therein. Equity will only act to reform the instrument if there is a mutual mistake of fact. It will not act on a mistake of law or of fact if the mistake is unilateral, save on the ground of fraud, duress or other inequitable conduct. *Baltimore v. De-Luca-Davis Co.,* 210 Md. 518, 124 A. 2d 557; *Hoffman v. Chapman, supra; Brockmeyer v. Norris,* 177 Md. 466, 474, 10 A. 2d 326; *Boyle v. Maryland State Fair,* 150 Md. 333, 340, 134 Atl. 124. See also 3 Pomeroy, *Equity Jurisprudence,* § 852; and 4 Pomeroy, *Equity Jurisprudence,* § 1376.

Before granting the high remedy of reformation, the proof must not only establish that the written agreement was not the agreement intended by the parties, but also what was the agreement contemplated by them at the time it was executed. In many cases, the evidence, for the main part, is oral testimony. *Moyer v. Title Guarantee Co.,* 227 Md. 499, 504, 177 A. 2d 714; *Hoffman v. Chapman, supra.*

From the evidence in this case, according to appellant's own testimony, he agreed to a mortgage of $15,000 on the Harford County tract, and a waiver of the same amount on the $42,000 second mortgage held by him. He also signified his consent by signing a notarized agreement indicating his approval of a first mortgage to Madison in the amount of $15,000. This indicates a meeting of the minds between him and Madison as to the amount of the mortgage and waiver; and establishes what was the agreement between them. Since the terms of the mortgage and waiver, through Mr. Delea's mistake in their drafting, did not conform to the agreement we have no hesitancy in holding that it was a mutual mistake of fact which calls for reformation of both instruments to make them conform to the agreement between the appellant and Madison. Mr. Delea, as the scrivener of the mortgage and waiver, was acting as the agent of the parties and his mistake in draftmanship became the mistake of both parties. Where the instruments intended to carry into execution a written or oral agreement, but fail to express the manifest intention of the parties on account of a mistake of the draftsman, whether from carelessness, forget-

fulness or lack of skill, equity will rectify the mistake to make the instruments express the real intention of the parties. *Hoffman v. Chapman, supra; Boulden v. Wood,* 96 Md. 332, 337, 53 Atl. 911; *Archer v. McClure,* (N. C.) 81 S.E. 1081; *Walden v. Skinner,* 101 U. S. 577, 25 L. Ed. 963. We think that upon the evidence disclosed by the record the chancellor was correct in decreeing reformation of the mortgage and waiver.

*Decree affirmed. Appellant to pay costs.*