## WOCKENFUSS *v.* THE KASTEN CONSTRUCTION COMPANY, INC.

[No. 409, September Term, 1969.]

*Decided June 24, 1970.*

542

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Paul E. Alpert,* with whom were *Alpert, Lichter, Coleman, Pezzulla & Rogers* on the brief, for appellant.

*Charles C. W. Atwater* and *David A. Carney,* with whom were *Mylander & Atwater* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

In 1964, Mr. Wockenfuss sold some property which he owned in Anne Arundel County to Luther Construction Company, Inc. (Luther) for $103,475. At settlement he was paid $18,000 in cash and was given a purchase money mortgage for $85,475. The mortgage provided that interest at the rate of 5% would be paid in quarterly instalments, the first of which would be due 10 June 1964; that the unpaid balance of the debt would be due and payable on 10 March 1972; that the mortgagor could prepay the debt in whole or in part at any time after 10 March 1965 upon the payment of a 5% penalty; and that Wockenfuss, by giving 30 days' written notice prior to any anniversary date of the mortgage, could exact a payment of "up to" $8,000 in reduction of the mortgage debt.

The quarterly interest payments due in June and September 1964 were not paid until October, although for some unexplained reason a principal payment of $2,300 had been made in September. In February 1965, Wockenfuss demanded that a payment of $8,000 in reduction of the mortgage debt be made on 10 March. By June, Wockenfuss was told that Luther was arranging some new financing. On 1 July, Wockenfuss attended a settlement at a Baltimore title company, expecting, he said, to receive a check for $8,000. Instead, he was handed a check for $82,282.33, and was asked to sign a "long" form of release, which read in part:

"WITNESSETH, THAT WHEREAS all the covenants of the hereinafter described Mortgage have been performed and the whole sum of money and interest secured thereby have been paid, the said party of the first part does hereby grant and release unto the said party of the second part, its successors and assigns, in fee simple, all that lot or parcel of land and premises described in a Mortgage from the said party of the second part to the said party of the first part, dated March 10, 1964 * * *."

According to Wockenfuss' bill of complaint, at this juncture he

"* * * became very disturbed emotionally and advised all parties that he had not been prepared to receive what was allegedly the balance due and advised all parties present that he was not sure that the total sum offered was correct and that there might be more money coming to him. He was then informed by a person whom he believes to be the settlement officer that any mathematical errors would be adjusted with Luther Construction Co., Inc. after the settlement. This was confirmed by Mr. Harry H. Meeks, President of Luther Construction Co.,

> Inc. [He] was induced, as a result of the representations of the settlement officer and the President of Luther Construction Co., Inc., to sign the Release [of the mortgage] * * *."

Less than a week after the settlement Luther was merged into the Kasten Construction Company, Inc. (Kasten).

More than four years and two months later, Wockenfuss instituted an action in equity against Kasten in the Circuit Court for Baltimore County, in which he sought a reformation of the release and an in personam decree for $8,257.15, the amount he alleged still to be due, consisting of unpaid principal of $2,722.47; a pre-payament penalty of $4,158.50; and interest on principal and on the penalty of $1,376.18. Kasten demurred, averring that laches appeared on the face of the bill of complaint, which also conceded that rights had vested in intervening purchasers from Kasten. From an order sustaining the demurrer without leave to amend, Wockenfuss has appealed.

The chancellor concluded that this case came squarely within the rule of *Boggs v. Dundalk Realty Co.*, 132 Md. 476, 104 A. 45 (1918) and we agree. In *Boggs,* a bill in equity was brought in December of 1916 alleging that the defendant had, in November of 1913, procured certain releases by fraud, without alleging any facts constituting fraud. Our predecessors, noting that three years had elapsed between the giving of the releases and the filing of the complaint, affirmed an order sustaining the defendant's demurrer without leave to amend. What was said in *Boggs* is apposite here:

> "Nor is there any attempt to explain away the long lapse of time between the execution of the releases and the institution of this suit. What constitutes laches is not a hard and fast rule of a specific length of time, as in the case of limitations, but is dependent in each case upon the facts of the particular case. *Warburton v. Davis,*

123 Md. 231. A lapse of several years may in some cases be free from objection on this ground; in others a much shorter time, as in *Whiteford v. Yellott,* 104 Md. 191, where a delay of two years was held to bar the plaintiff from recovery, and there are cases where an interval of days has been held to constitute laches. In the present case the plaintiff alleges that he was deceived and defrauded, yet he permits more than three years to pass before he attempts to enforce his rights, if he had any. No explanation is offered for the delay, and in the absence of any attempt to account for the inaction during this period, a clear case of laches is apparent on the face of the petition." 132 Md. at 481.

We think, as did the chancellor, that if Boggs was denied relief when fraud was alleged because of an unexplained lapse of three years, certainly Wockenfuss could not prevail after an unexplained lapse of four. Wockenfuss counters with the contention that, by analogy, the determinative period should be the 12 year Statute of Limitations applicable to the mortgage which was under seal. Maryland Code (1957, 1968 Repl. Vol.) Art. 57 § 3. We are not persuaded by this argument, since even under Wockenfuss' version of the facts he released the mortgage in reliance on a simple oral promise to pay. This is the undertaking which he sought to enforce.

Wockenfuss makes the point that it was an abuse of discretion for the lower court to have sustained the demurrer without leave to amend, relying on *Hall v. The Barlow Corp.,* 255 Md. 28, 255 A. 2d 873 (1969). The record here clearly shows that the matter was before the court on two occasions: first, when a hearing was held on Kasten's demurrer, and again, on Wockenfuss' motion for reconsideration, to which was appended a draft of an amended bill of complaint. The amended bill differs from the original only in that it alleges that Wockenfuss was induced to sign the release by fraudulent misrepresenta-

tions that any balance due on the mortgage would be paid and that since the mortgage was under seal an action for default could be brought within 12 years. It alleges no fact explaining the delay in bringing the suit.

Nothing can be clearer than that allowance of leave to amend is within the sound discretion of the trial court and that the lower court's ruling will not be disturbed in the absence of a clear showing of an abuse of discretion. *Hall v. The Barlow Corp., supra*, 255 Md. at 39; *Town of Somerset v. Montgomery County Bd. of Appeals*, 245 Md. 52, 61, 225 A. 2d 294 (1966). We find no abuse here.

*Order affirmed, costs to be paid by appellant.*