WILLIAM L. BARTLETT *v.* DEPARTMENT OF TRANSPORTATION ET AL.

[No. 1082, September Term, 1977.]

*Decided July 13, 1978.*

48

The cause was argued before THOMPSON, LISS and WILNER, JJ.

*Dwight E. Thomey,* with whom were *Baker & Lockhart, P.A.* on the brief, for appellant.

*Walter W. Claggett, Special Attorney,* with whom were *Francis Bill Burch, Attorney General,* and *Nolan H. Rogers, Assistant Attorney General,* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

On April 24, 1963, the appellant, William L. Bartlett, conveyed by deed a certain parcel of land supposedly consisting of 10.63 acres to the State Roads Commission.[1] It was subsequently discovered, much to the surprise of appellant, that the parcel conveyed actually encompassed 13.13 acres. Consequently, on April 9, 1976, appellant filed a bill of complaint in the Circuit Court for Cecil County asking that the deed be rescinded on the grounds of mutual mistake and the State be required to pay $66,000 in rent for its use of the property in question, together with interest at the rate of 6%.[2] The chancellor, H. Kenneth Mackey, denied rescission but did reform the deed by increasing the sale price to reflect the additional $2^{1}/_{2}$ acres acquired by the State.[3] On appeal appellant maintains: (1) the chancellor erred in not rescinding the contract, and (2) even if the contract should not have been rescinded, damages should have been calculated according to the fair market value of the property at the time of the trial

---

1. The State Roads Commission is now a subagency of the State Highway Administration, which is part of the Department of Transportation, appellee here. *See* Md. Code, Trans. Art. § 8-210 and § 8-218 (1977).

2. In their brief appellees maintained that prior to the institution of the suit they had offered to pay appellant an additional sum based on the contract price, plus interest, for the additional $2 \cdot \frac{1}{2}$ acres they acquired.

3. The damages awarded by the chancellor were as follows: (1) $1,081.85 (cost of $2^{1}/_{2}$ acres at $432.74 per acre) (2) $47.88 (this represented the amount of taxes paid by appellant on the property during the intervening years) (3) 8% interest for 14 years on the sum of (1) and (2).

rather than in accordance with the contract price.[4] We see no merit in these contentions and shall affirm the decree.

There is no material dispute concerning the facts which led to this appeal, most of which have been stipulated by the parties. On February 1, 1963, appellant granted the State Road Commission an option to purchase for $11,300 a part of a tract of land. At the time both parties believed the parcel contained 10.63 acres and the option price was based on a negotiated sum of $432.74 per acre.[5] The option was exercised by appellees and on April 24, 1963, the land was conveyed to the State. Prior to the execution of the deed, the parcel had been marked by stakes and both parties had observed the area staked out. At no time have appellees occupied any land other than that described in the deed. There is no suggestion of bad faith on the part of either of the parties.

## I Availability of Rescission

In order to be entitled to a decree rescinding a deed on the grounds of mutual mistake, it must appear that the mistake was such that if the true facts had been known the deed would not have been executed. See Gross v. Stone, 173 Md. 653, 197 A. 137 (1938); Reigart v. Fisher, 149 Md. 336, 346-347, 131 A. 568, 572 (1925). If it appears that the discrepancy would not have prevented the party from entering into a contract, then the mistake is immaterial and the proper remedy is an adjustment in the purchase price. In determining materiality the intention of the parties and not the size of the discrepancy controls. See Reigart v. Fisher, supra, 149 Md. at 346, 131 A. at 572; Keating v. Price, 58 Md. 532, 537 (1882).

In deciding whether the mistake in question is material we think the case of Henn v. McGinnis, 182 Iowa 131, 165 N. W. 406 (1917) is particularly instructive. There the vendor sought an adjustment in the purchase price as the result of an excess in the amount of land actually conveyed over the amount recited in the deed. The purchase price had been negotiated

---

4. Appellees did not file a cross appeal on the award of damages.

5. The actual price paid for the land was $4,600. An additional $6,700, bringing the total price to $11,300, was given to appellant to cover the construction of an access road.

on a per acre basis and both parties had inspected the land prior to the sale. The purchaser claimed the only remedy available to the vendor was rescission. The court disagreed, indicating rescission was not available because the mistake was based on an immaterial fact, and ruled the proper remedy was an adjustment in the purchase price. In reaching this conclusion the court reasoned the mistake merely involved an error in the computation of the consideration inasmuch as both parties understood exactly what land was being sold and had agreed on a specified price per acre.

As in *Henn* the parties in the instant case contracted for the sale of a specific parcel of land. Appellees planned to use the land for the construction of an expressway and to this end had staked out the amount of land required. Both parties observed the area staked out and after a period of negotiation, agreed on a set price per acre. Based on these facts it is apparent that the contract was intended to be a sale of a certain parcel of land and not a sale of a specific amount of acreage. As both parties mistakenly believed the parcel contained only 10.63 acres, there was a mistake only in computing the total purchase price. The mistake did not go to the essence of the agreement but involved only a computational error which was not material.

Counsel for appellant argues that if appellant had known the parcel was actually comprised of 13.13 acres, he might have attempted to negotiate a higher purchase price per acre and as such the mistake was material. There is no factual basis for this assumption in the record, and counsel's argument amounts to nothing more than sheer speculation. Even if counsel's assumption were accurate, and the mistake were to be considered material, appellant would still not be entitled, as a matter of right, to rescind the contract because rescission is an extraordinary remedy. Its use rests largely within the discretion of the trial judge and should not be granted unless it would be equitable and just under all the circumstances.[6] *Suburban Garden Farm Homes Corp. v.*

6. In support of his position that he was entitled to rescission appellant cites Witmer v. Bloom, 265 Md. 173, 288 A. 2d 323 (1972). In *Witmer* the court held that the grant of specific performance was improper where there had been a material mistake in the quantity of land involved. That decision is not

*Adams,* 171 Md. 212, 218, 188 A. 808 (1937). In determining whether rescission would be equitable a number of factors must be considered including whether either party has changed his position in reliance on the deed. *See* 3 A. Corbin, *Contracts* § 597 at 582 (1960). In the case at bar the State has expended considerable sums of money in constructing a road on the property it acquired. As such, it would have been inequitable for the court to rescind the deed.

## II Proper Determination of Damages

Appellant's next assignment of error is that the trial judge should have awarded damages based on the fair market value of the property at the time of the trial rather than in accordance with the contract price. In arguing this point, appellant maintains the condemnation laws are controlling.[7] We fail to see, however, what relevancy provisions for condemnation have on a contract voluntarily entered into between two parties, even though it is obvious that, if the parties had not come to terms voluntarily, the State would have instituted condemnation proceedings.

In awarding damages to appellant the trial judge in effect reformed the contract. Where there has been a mutual

---

controlling on the question of rescission. As was stated in Suburban Garden Farm Homes Corp. v. Adams, *supra,* 171 Md. at 218:

> "It is undoubtedly within the sound discretion of the chancellor to refuse to rescind a contract, the specific execution of which he would not decree; and thus leave the parties to their legal remedies. . . . But, in general, where a specific execution would be refused, a rescission will be decreed."

We do not perceive an abuse of discretion here.

7. *See* Md. Code, Real Property Art. § 12-102 et seq. (1974, 1977 Supp.) (Eminent Domain) and Md. Code, Trans. Art. §§ 8-313 — 8-339 (1977). (Quick take condemnation).

Appellant cites Ernst v. Department of Highways, 103 So. 2d 102 (La. App. 1958) for the proposition that damages are governed by condemnation laws even though the land is conveyed by deed. *Ernst,* however, does not stand for any such proposition. In that case the court found a mutual mistake in a deed conveying a right of way prevented a meeting of the minds and rescinded the contract. In so doing the court noted that the land could still be condemned but observed that if this was done at least the owner could prove certain damages which he would not have recovered if the contract had been enforced.

mistake which prevents the parties from expressing their true intent, a court of equity will reform the written instrument to make it reflect the true intention of the parties, provided that the agreement contemplated is shown by clear, strong, and convincing evidence. *E.g., Mattingly v. Houston,* 235 Md. 54, 59, 200 A. 2d 160 (1964); *Brady v. Berke,* 33 Md. App. 27, 31-32, 363 A. 2d 537, *cert. denied,* 278 Md. 716 (1976). Consequently, the chancellor was confined to what the parties actually intended and could not have awarded appellant the fair market value of the property at the time of trial. The evidence before the chancellor strongly showed that had the parties realized the entire acreage that was being conveyed by the deed, the price would simply have been increased at the agreed price per acre. In awarding appellant that sum plus interest, and the taxes which he had paid during the intervening years, the action of the chancellor seems to us to have been adequate, if not more than adequate.

*Decree affirmed.*
*Costs to be paid by appellant.*